DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated appeals are before the court from judgments of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, William Fuller, entered no contest pleas to charges of possession of crack cocaine and tampering with evidence. From those judgments, appellant raises the following assignment of error:
 {¶ 2} "The trial court erred when it ordered the defendant-appellant to pay unspecified court costs, fees, and to make an unspecified, unsubstantiated sum of restitution."
 {¶ 3} Although appellant filed notices of appeal from four separate cases, his assignment of error only addresses the final judgment in two of those cases. In common pleas case No. CR-02-1815, appellant was convicted of possession of crack cocaine and was sentenced to five years imprisonment. In addition, his drivers license was suspended for five years and he was assessed a mandatory fine of $7,500. In common pleas case No. CR-02-3047, in which appellant was convicted of tampering with evidence, he was sentenced to two years incarceration, consecutive to the sentence imposed in case No. CR-02-1815, and his driver's license was suspended for five years. In addition to these sentences, the trial court's judgment entries also included the following: "Defendant is ordered to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C.2929.18(A)(4)." Appellant now challenges this portion of his sentences.
 {¶ 4} Appellant first asserts that the lower court failed to determine the amount of restitution at the sentencing hearing, as mandated by R.C. 2929.18(A)(1). With respect to a trial court's ability to order restitution, this court held the following inState v. King (Feb. 27, 1998), Wood App. No. WD-97-015: "In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. State v. Marbury
(1995), 104 Ohio App.3d 179, 181 * * *; see, also, R.C.2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. State v. Brumback (1996),109 Ohio App.3d 65, 82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83;State v. Warner (1990), 55 Ohio St.3d 31, 69 * * *."
 {¶ 5} The record before this court fails to contain any evidence relative to the court's order of restitution. Indeed, the court did not even address the issue at the sentencing hearing. It is even more curious that restitution was ordered in cases in which appellant was convicted of possession of crack cocaine and tampering with evidence. R.C. 2929.18(A)(1), the only provision of the statute referencing "restitution," clearly contemplates that there be an economic loss to a "victim" of the defendant's crime when ordering restitution. Accordingly, the trial court erred in ordering restitution.
 {¶ 6} Appellant further challenges the lower court's order that he pay prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4) without first determining appellant's then current ability to pay such costs and fees.
 {¶ 7} Pursuant to R.C. 2947.23(A)(1), the trial court was required to "include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Accordingly, the trial court did not err in ordering appellant to pay the costs of prosecution.
 {¶ 8} With respect to the trial court's ability to order a defendant to pay "any fees permitted pursuant to R.C.2929.18(A)(4)," this court has previously held: "R.C.2929.18(A)(4) allows a trial court to impose as part of a sanction the costs of confinement. Before imposing such a sanction, however, `the court shall consider the offender's present and future ability to pay the amount of the sanction[.]' R.C. 2929.19(B)(6). Although the court is not required to hold a hearing to make this determination, R.C. 2929.18(E), there must be some evidence in the record that the court considered the offender's present and future ability to pay the sanction imposed. State v. Fisher (Apr. 29, 2002), Butler App. No. CA98-09-190, 2002-Ohio-2069." State v. Holmes (Nov. 8, 2002), 6th Dist. No. L-01-1459, 2002-Ohio-6185, ¶ 21. See, also,State v. Dearing (May 16, 2003), 6th Dist. No. L-02-1050, 2003-Ohio-2524.
 {¶ 9} In the present case, there is nothing in the record that would indicate the trial court considered appellant's present and future ability to pay "any fees permitted pursuant to R.C. 2929.18(A)(4)." Nothing from the presentence investigation report indicates that appellant had any means with which to pay those fees and the court did not question him at the sentencing hearing regarding any present or future ability to pay. Although appellant had retained counsel in the proceedings below, a property bond was posted for his release during those proceedings using property owned by Michael Fuller and Denise Johnson. In addition, he was appointed counsel for purposes of this appeal. Accordingly, we must conclude that the trial court erred in ordering appellant to pay "any fees permitted pursuant to R.C.2929.18(A)(4)." The sole assignment of error is well-taken in part.
 {¶ 10} On consideration whereof, the court finds that the judgment of the Lucas County Court of Common Pleas is affirmed as to the convictions for possession of cocaine and tampering with evidence and reversed as to the court's order that appellant pay restitution and any fees permitted by R.C. 2929.18(A)(4). This case is remanded to the trial court for further proceedings consistent with this decision. Each party is ordered to pay their own court costs of this appeal.
Judgment affirmed, in part and reversed, in part.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.