DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Fulton County Court of Common Pleas wherein appellant, Kevin G. Riegsecker, was convicted of assault and grand theft auto. For the reasons that follow we affirm the decision of the trial court.
 {¶ 2} Appellant's case was tried to the bench. The state alleged that in the process of stealing a vehicle owned by Benjamin Ripke, appellant inflicted serious physical harm on Ripke when he ran over Ripke's foot. Appellant was found guilty and sentenced to a suspended six month jail term for the offense of assault, a violation of R.C. 2903.13 and a misdemeanor of the first degree. Appellant was also sentenced to a two year community control sanction for the offense of grand theft auto, a violation of R.C. 2913.02(A) and a felony of the fourth degree. The terms of appellant's community control sanction are as follows:
 {¶ 3} "(1) [Appellant] shall pay for the costs of his prosecution, payable as directed by his probation officer; 2) [Appellant] shall pay for the cost of his court-appointed attorney, payable as directed by this probation officer; 3) [Appellant] shall seek and maintain gainful employment; 4) [Appellant] shall serve sixty (60) days at the Corrections Center of Northwest Ohio, with credit for all days served; 5) [Appellant] shall continue to attend counseling sessions at the First Call for Help in Napoleon, Ohio and the Defendant shall comply with any and all recommendations made by First Call for Help and/or his probation officer; (6) [Appellant] shall have no contact with [the victim]; and 7) [Appellant] shall make restitution in the amount of $1,682.32 to the Ohio Attorney General Victims of Crime Fund and $200 to [the victim]."
 {¶ 4} Appellant now appeals his sentence setting forth the following assignments of error:
 {¶ 5} "I. The trial court erred in ordering the payment of costs, court-appointed counsel fees, and restitution without a hearing to determine defendant-appellant's ability to pay said amounts, against the manifest weight of the evidence.
 {¶ 6} "II. Notwithstanding the need for a hearing, the trial court erred in ordering payment of restitution to the ohio attorney general victims of crime fund for medical expenses and lost wages as a condition of community control pursuant to a felony conviction for grand theft of a motor vehicle.
 {¶ 7} "III. Notwithstanding the need for a hearing, the trial court erred in ordering payment of restitution to the ohio attorney general victims of crime fund for the victim's medical expenses and lost wages, as a condition of probation pursuant to a misdemeanor assault conviction.
 {¶ 8} "IV. The trial court erred in its calculation of the restitution amount to be paid to the victim for property damage, against the manifest weight of the evidence."
 {¶ 9} In his first assignment of error, appellant contends that the court erred in ordering the payment of costs, court-appointed counsel fees and restitution without a hearing to determine appellant's ability to pay the amounts. R.C.2929.19(B)(6) states: "[B]efore imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." Appellant contends that the record in this case does not show that the trial judge effectively considered his ability to pay the amount of his sanction.
 {¶ 10} Initially we note that R.C. 2947.23 mandates that "in all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." The trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay such costs. State v.Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069, State v.Scott, 6th Dist. No. L-01-1337, 2003-Ohio-1868.
 {¶ 11} Nor is the trial court required to conduct a separate hearing to determine appellant's present and future ability to pay the amount of his sanction or fine. R.C. 2929.18(E); Statev. Caudill, 5th Dist. No. 03-COA-031, 2004-Ohio-2803; Statev. Fuller, 6th Dist. Nos. L-02-1387, 1388, 1389, and 1390, 2004-Ohio-2675. There must, however, be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed. Id., citing State v.Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069, Statev. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185.
 {¶ 12} In the present case, the trial judge found that appellant, at the age of 40, was amenable to a community control sanction given the fact that appellant had "led a law abiding life for a significant number of years." Before imposing the community control sanction, the trial judge indicated that he had reviewed appellant's confidential pre-sentence investigation report. Said report described appellant's prior criminal record, family history, living arrangements, educational background and his physical and mental health. Perhaps most important to the issue at hand, the pre-sentence report described appellant's employment history. Finally, the trial judge explicitly stated on the record that appellant "has or reasonably may be expected to have the means to pay the costs of restitution, and the costs of supervision and prosecution in this case, as well as the cost of the appointed counsel fees." Our review of the record as a whole indicates the trial court properly weighed the appellant's ability to pay the community control sanctions before imposing them. Appellant's first assignment of error is found not well-taken.
 {¶ 13} In his second assignment of error, appellant contends that the trial judge erred in ordering him to pay restitution to the Ohio Attorney General Victims of Crime Fund. The record shows that on November 19, 2002, the Ohio Attorney General wrote Benjamin Ripke the following letter:
 {¶ 14} "Dear Mr. Ripke:
 {¶ 15} "Thank you for your patience and cooperation while we have reviewed your Ohio Victims of Crime Compensation Application. We have determined that you are eligible for benefits based on the following:
 {¶ 16} "1. On July 18, 2002, you were the victim of a motor vehicle assault in Archblold, Ohio. As a result of this incident, you sustained a broken foot.
 {¶ 17} "* * *
 {¶ 18} "3. You incurred expenses as listed on the attached Expense Exhibit and Work Loss Exhibit. Accordingly, the amounts totaling $1,682.32, as listed on the attached Award Summary, will be paid.
 {¶ 19} "4. While the Attorney General recognizes that you incurred economic loss as a result of the criminally injurious conduct, the medical expenses could have, or have already, been recouped from Paramount. Therefore, until you send your medical bills to your insurance provider and the Attorney General receives verification from your provider that your claim has been processed, the law requires that your claim for medical expenses be denied. [R.C. 2743.60(D)]"
 {¶ 20} R.C. 2743.52 authorizes the Ohio Attorney General to make reparation awards to victims of economic loss arising from criminally injurious conduct. For purposes of this statute, R.C.2743.51(E) defines economic loss as follows:
 {¶ 21} "* * * economic detriment consisting only of allowable expense, work loss, funeral expense, unemployment benefits loss, replacement services loss, cost of crime scene cleanup, and cost of evidence replacement. If criminally injurious conduct causes death, economic loss includes a dependent's economic loss and a dependent's replacement services loss. Noneconomic detriment is not economic loss; however, economic loss may be caused by pain and suffering or physical impairment."
 {¶ 22} R.C. 2743.51(C) defines criminally injurious conduct in pertinent part:
 {¶ 23} "* * * any conduct that occurs or is attempted in this state; poses a substantial threat of personal injury or death; and is punishable by fine, imprisonment, or death, or would be so punishable but for the fact that the person engaging in the conduct lacked capacity to commit the crime under the laws of this state. Criminally injurious conduct does not include conduct arising out of the ownership, maintenance, or use of a motor vehicle, except when any of the following applies:
 {¶ 24} "(a) The person engaging in the conduct intended to cause personal injury or death;
 {¶ 25} "(b) The person engaging in the conduct was using the vehicle to flee immediately after committing a felony or an act that would constitute a felony but for the fact that the person engaging in the conduct lacked the capacity to commit the felony under the laws of this state; * * *"
 {¶ 26} Appellant, noting that he was ordered to pay restitution as part of his sentence for committing the felony grand theft auto rather than for the misdemeanor offense of assault, argues that in committing grand theft auto, he did not intend to injure Ripke and, therefore, he should not be ordered to pay restitution for Ripke's injuries. We disagree with appellant's reasoning. The intent of R.C. 2743.52 is to compensate innocent victims who are injured as the result of someone else's felonious behavior. In this case, it is undisputed that in the process of stealing Ripke's car, appellant inflicted personal injury on Ripke. Such conduct clearly falls under purview of R.C. 2743. Appellant's second assignment of error is found not well-taken.
 {¶ 27} In his third assignment of error, appellant takes issue with the fact that in sentencing appellant for the misdemeanor offense of assault, the trial judge ordered his probationary period to be served under the same terms as his community control sanction for grand theft auto. Appellant cites R.C. 2929(E) which states that a court "* * * may require a person who is convicted of or pleads guilty to a misdemeanor to make restitution for all or part of the property damage that is caused by the offense." Appellant then cites cases which have held that that "property damage" does not include medical expenses and lost wages. Appellant contends that the reparation award from the Ohio Attorney General represents payment for medical expenses and lost wages. Thus, the court cannot order appellant to pay restitution to the Ohio Attorney General as part of his sentence for misdemeanor assault.
 {¶ 28} Appellant has been ordered to make one restitution payment for the felony of grand theft auto. He has not been ordered to make two restitution payments. Having already determined in the second assignment of error that the court justifiably ordered appellant to pay restitution to the Ohio Attorney General for committing the felony of grand theft auto, we fail to see how appellant has been prejudiced should we agree with his argument in this assignment of error. Appellant's third assignment of error is found not well-taken.
 {¶ 29} In his fourth assignment of error, appellant contends that the court erred in ordering appellant to pay Ripke $200 in restitution for property damage to Ripke's vehicle. In support, appellant cites state's exhibit one, the repair estimate for Ripke's vehicle which reflects damage in the amount of $190. The state concedes that the trial court erred in its calculation of restitution. Accordingly, appellant's fourth assignment of error is found well-taken.
 {¶ 30} Upon consideration whereof, the judgment of the Fulton County Court of Common Pleas is affirmed in part and reversed in part. That portion of its decision ordering appellant to pay $200 in restitution to Benjamin Ripke is reversed and this case is remanded to the trial court for resentencing consistent with this decision and judgment entry. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed to appellant.
Judgment Affirmed in part and Reversed in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.