DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Marvin Cole, appeals his conviction and sentence from the Lucas County Court of Common Pleas. On February 12, 2003, appellant was indicted for rape, a first degree felony and a violation of R.C.2907.02(A)(2). On March 26, 2003, appellant was arraigned and he entered a plea of not guilty. On March 31, appellant was indicted for six separate counts of passing bad checks, felonies of the fifth degree and violations of R.C. 2913.11(A).
 {¶ 2} On April 9, 2003, appellant was arraigned for the six counts of passing bad checks and entered a plea of not guilty. On May 14, 2003, appellant withdrew his plea of not guilty to the rape charge and entered a plea of no contest to the lesser included offense of sexual battery, a third degree felony and a violation of R.C. 2907.02(A)(1). Appellant also withdrew his plea of not guilty to the charges of passing bad checks and entered a plea of no contest as to each count.
 {¶ 3} On June 4, 2003, the court convicted appellant of sexual battery and six counts of passing bad checks. Immediately thereafter, the court proceeded to the sentencing hearing and sentenced appellant to a term of one year for each of the six counts of passing bad checks, the sentences ordered to run concurrent to each other. A one-year sentence is the maximum for a felony of the fifth degree pursuant to R.C. 2929.14(A)(5). An order of restitution was also entered in the amount of $4,500. For the sexual battery conviction, the court sentenced appellant to five years in prison, also the maximum sentence for the offense pursuant to R.C.2929.14(A)(3). The five year sentence for sexual battery was ordered to run consecutively to the sentence imposed for passing bad checks. For both convictions, appellant was further ordered to pay all costs of prosecution and any fees permitted pursuant to R.C. 2929.18, and ordered to reimburse Lucas County and the state of Ohio for costs of "supervision, confinement, assigned counsel, and prosecution as authorized by law."
 {¶ 4} Appellant sets forth the following assignments of error:
 {¶ 5} "First Assignment of Error: Defendant-Appellant's sentences should be reversed as the trial court failed to comply with the mandates of R.C. 2919.14 and they are not supported by the record.
 {¶ 6} "Second Assignment of Error: The trial court erred to the detriment of the defendant-appellant when it ordered the defendant appellant to pay court costs, court appointed counsel fees, and unspecified fees."
 {¶ 7} In his first assignment of error, appellant asks this court to find error in the trial court's failure to comply with the sentencing statute requirements. Two facets of appellant's sentencing warrants review: the imposition of consecutive terms and the imposition of the maximum terms for both offenses.
 {¶ 8} An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C. 2953.08(G)(2). Clear and convincing evidence "will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford
(1954), 161 Ohio St. 469, at paragraph three of the syllabus. We are neither to substitute our judgment for that of the trial court nor defer to the trial court's discretion. State v. Altalla, 10th Dist. No. 03AP-1127, 2004-Ohio-4226, at ¶ 7. The record to be examined by a reviewing court includes the presentence investigative report, the trial court record, and any sentencing hearing statements. R.C.2953.08(F)(1)-(3). See, also, State v. Boshko (2000),139 Ohio App.3d 827, 835.
 {¶ 9} Turning first to the consecutive aspect of the sentences, trial courts "may not impose consecutive sentences for multiple offenses unless it `finds' three statutory factors." State v. Comer (2003),99 Ohio St.3d 463, 466, discussing R.C. 2929.14(E)(4). "First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. Second, the court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the court must find the existence of one of the enumerated circumstances in R.C. 2929.14(E)(4)(a) through (c)." Id., internal citations omitted. The circumstances listed in R.C. 2929.14(E)(4) provide:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." R.C. 2929.14(E)(4).
 {¶ 13} Additionally, a trial court must comply with R.C. 2929.19(B) in order to impose consecutive sentences. 99 Ohio St.3d at 467. This statute governs requirements for sentencing hearings. A trial court must not only orally state the findings and its reasons on the record at the sentencing hearing, but the duty to make the findings is separate and distinct from the duty to give reasons for selecting consecutive sentences. Id. at 467 and paragraph one of the syllabus.
 {¶ 14} At appellant's sentencing hearing, the trial court stated, "The court finds as regards the consecutive sentence that the harm caused was great or unusual, and that defendant's criminal history requires a consecutive sentence as regards the two separate cases [sic]. * * * The court further finds pursuant to Revised Code 2929.11 that the defendant's criminal history requires consecutive sentences as between this case [sexual assault] and the concurrent sentences [for passing bad checks]." These were the only statements made with respect to the consecutive aspect of the sentences.
 {¶ 15} We have carefully reviewed the sentencing hearing transcript and we find that these statements are clearly and convincingly insufficient to impose consecutive sentences. Not only is there no mention of the applicable statute, R.C. 2929.14(E)(4), or the conditions contained therein, but there are no statements which approximate a "finding" that would support the conditions had they been stated. Appellant's first assignment of error is well-taken with respect to the imposition of consecutive sentences for these convictions.
 {¶ 16} Ohio's statutory scheme disfavors maximum sentences generally.State v. Edmonson (1999), 86 Ohio St.3d 324, 325. Pursuant to the sentencing statutes, trial courts must "record findings that give its reasons for selecting the maximum" for any offense. Id.; R.C.2929.19(B)(2)(d). The trial court found that appellant had served a previous prison term. Therefore, R.C. 2929.14(C) applies, and requires the court to have found that one of the four listed conditions applied to appellant. R.C. 2929.14(C) prohibits a court from imposing the maximum sentence except for offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section." A trial court must state that at least one of the conditions exists. See State v. Seitz (2001),141 Ohio App.3d 347. Appellant argues that the court did not place any required findings on the record.
 {¶ 17} First we will examine the maximum sentence for passing bad checks. At the sentencing hearing, the court stated that it had considered the record, the oral statements, the victim impact statement, the presentence report prepared, and the principles and purposes of sentencing pursuant to R.C. 2929.11. The court also stated that it had balanced the seriousness and recidivism factors pursuant to R.C. 2929.12. However, since the trial court did not place at least one of the required findings on the record pursuant to R.C. 2929.14(C), the imposition of the maximum sentence is in error. The court neither mentioned R.C. 2929.14(C), nor did the court use any of the language of the applicable factors in that statute. As in State v. Kessinger (Sept. 14, 2001), 6th Dist. No. E-00-055, the trial court "did not use any words even vaguely referring to the applicable statute and the required findings." Id. at 7. This is also contrary to what was sufficient in State v. Davis, 6th Dist. No. L-03-1387, 2003-Ohio-5977, where the trial court's statements were identical to those in this case. Davis' maximum sentence was upheld, however, because the court's additional statements regarding facts relating to recidivism and seriousness satisfied the requirements of R.C. 2929.14(C). Such additional statements relating to or supporting the required conditions of the statute are lacking here. Accordingly, the trial court did not comply with R.C. 2929.14(C) in imposing the maximum sentence upon appellant for passing bad checks. Appellant's first assignment of error with respect to the maximum sentence for passing bad checks is well-taken.
 {¶ 18} With respect to the conviction for sexual battery, the same analysis of R.C. 2929.14(C) applies. At the sentencing hearing, as noted above, the court stated that it had engaged in the analysis balancing the seriousness and recidivism factors pursuant to R.C. 2929.12. The court additionally stated in regard to the sexual battery conviction that the "defendant poses the greatest likelihood of recidivism" before imposing the maximum sentence. Clear and convincing evidence was presented to support the finding of recidivism, specifically appellant's non-favorable response to sanctions previously imposed for criminal convictions. Further, the record supports the court's consideration of seriousness of the offense, by the testimony of physical and psychological harm to the victim and the relationship that appellant had with the victim that facilitated the offense. Thus, appellant's first assignment of error with respect to the imposition of the maximum sentence for sexual battery is not well-taken.
 {¶ 19} In his second assignment of error, appellant argues that the trial court erred in ordering him to pay the costs of prosecution and other costs. The trial court had twice found him to be indigent for the purpose of appointing counsel. Appellant also argues that the trial court erred in not providing a basis for its finding that appellant is "expected to have or reasonably may be expected to have the means to pay all or part of" the costs.
 {¶ 20} A conflict among appellate courts regarding assessment of costs against indigent defendants was resolved in State v. White (2004),103 Ohio St.3d 580. An indigent defendant may be held responsible for court costs imposed pursuant to R.C. 2947.23 when convicted for a felony. Id., paragraph one of the syllabus. A trial court may, in its discretion, waive those costs for the indigent defendant, but is not required to do so. Id. at 582; R.C. 2949.092. Therefore, the trial court correctly assessed court costs, which include the costs of prosecution, to appellant.
 {¶ 21} Appellant was also ordered to pay any fees permitted by R.C.2929.18(A)(4) and the costs of "supervision, confinement, [and] assigned counsel." R.C. 2929.18(A) permits financial sanctions, and, as it existed at the time of appellant's sentencing hearing, states in relevant part:
 {¶ 22} "(4)(a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including the following:
 {¶ 23} "(i) All or part of the costs of implementing any community control sanction;
 {¶ 24} "(ii) All or part of the costs of confinement under a sanction imposed pursuant to section 2929.14 or 2929.16 of the Revised Code, provided that the amount of reimbursement ordered under this division shall not exceed the total amount of reimbursement the offender is able to pay as determined at a hearing and shall not exceed the actual cost of the confinement.
 {¶ 25} "(b) If the offender is sentenced to a sanction of confinement pursuant to section 2929.14 or 2929.16 of the Revised Code that is to be served in a facility operated by a board of county commissioners, a legislative authority of a municipal corporation, or another local governmental entity, if, pursuant to section 307.93, 341.14, 341.19,341.23, 753.02, 753.04, 753.16, 2301.56, or 2947.19 of the Revised Code and section 2929.37 of the Revised Code, the board, legislative authority, or other local governmental entity requires prisoners convicted of an offense other than a minor misdemeanor to reimburse the county, municipal corporation, or other entity for its expenses incurred by reason of the prisoner's confinement, and if the court does not impose a financial sanction under division (A)(4)(a)(ii) of this section, confinement costs may be assessed pursuant to section 2929.37 of the Revised Code. In addition, the offender may be required to pay the fees specified in section 2929.38 of the Revised Code in accordance with that section."
 {¶ 26} Appellant argues that a presumption of indigency exists after the finding of indigency for appointing counsel and that, therefore, the trial court was required to hold a hearing in order to determine appellant's ability to pay and overcome that presumption. However, trial courts are not "required to conduct a separate hearing to determine appellant's present and future ability to pay the amount of his sanction or fine. R.C. 2929.18(E); State v. Caudill, 5th Dist. No. 03-COA-031, 2004-Ohio-2803; State v. Fuller, 6th Dist. Nos. L-02-1387, 1388, 1389, and 1390, 2004-Ohio-2675. There must, however, be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed. Id. at ¶ 8, citing State v.Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069, State v. Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185." State v. Riegsecker, 6th Dist. No. F-03-022, 2004-Ohio-3808, at ¶ 11.
 {¶ 27} As in Riegsecker, the trial court stated that it had reviewed appellant's pre-sentence investigation report. That report contained information about appellant's family history, employment history, educational history, and his physical and mental health. Additionally, the trial court stated at the sentencing hearing and in the judgment entry that appellant was "found to have, or reasonably may be expected to have, the means to pay all or part of" the applicable costs of supervision, confinement, and prosecution. Having reviewed the record as a whole, there was sufficient evidence to support the trial court's finding of future ability to pay and the assessment of costs allowed pursuant to R.C. 2929.18.
 {¶ 28} However, these do not include the costs of assigned defense counsel. "Only pursuant to R.C. 2941.51 can a trial court order a criminal defendant to pay his appointed counsel's fees." State v.Holmes, 6th Dist. No. L-01-1459, 2002-Ohio-6185, at ¶ 20. We have held that an indigent defendant may be ordered to pay the costs of appointed defense counsel if there is a finding on the record that the defendant will have the ability to pay. "The court must then enter a separate civil judgment for the attorney fees or any part thereof that the court finds the defendant has the ability to repay. The court may not imprison the defendant in order to compel him to pay the civil judgment of the attorney fees." State v. Brown (Nov. 19, 1999), 6th Dist. No. L-97-1332, at 7-8. See, also, State v. Golladay (Dec. 29, 2000), 6th Dist. Nos. L-00-1092, L-00-1093, L-00-1094; State v. Miller (Mar. 1, 2002), 6th Dist. No. L-01-1265. We reiterate that the trial court found appellant is expected to have the future ability to pay, and the record supports that finding. Appellant's second assignment of error is therefore not well-taken.
 {¶ 29} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is reversed as to the imposition of the maximum sentence for passing bad checks and the imposition of consecutive sentences. The judgment is affirmed as to the imposition of the maximum sentence for sexual battery and as to the imposition of costs. This matter is remanded to said trial court for resentencing in accordance with this decision. Costs to appellee pursuant to App.R. 24.
Judgment reversed, in part, and affirmed, in part.
Handwork, J. Pietrykowski, J., Singer, P.J., Concur.