DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes before the court on appeal from the Lucas County Court of Common Pleas wherein appellant, William Fuller, was convicted of cocaine possession and tampering with evidence. For the reasons that follow, we affirm the judgment of the trial court. Appellant sets forth the following assignment of error:
 {¶ 2} "THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S POSTCONVICTION CRIMINAL RULE 32.1 MOTION TO WITHDRAW HIS PLEA ENTERED IN CR-02-1815, AFTER DEFENDANT SHOWED THE TRIAL COURT THAT HIS PLEA WAS NOT INTELLIGENTLY ENTERED WHEN THE TRIAL COURT FAILED TO ADVISE HIM THAT HIS PLEA WOULD WAIVE HIS RIGHT TO CHALLENGE THE COURT'S FINDING IN A PRE-TRIAL SUPPRESSION HEARING."
 {¶ 3} On April 26, 2002, appellant was indicted on one count of cocaine possession, a violation of R.C. 2925.11(A) and (C)(4)(e), a felony of the first degree. He entered a not guilty plea and filed a motion to suppress evidence.
 {¶ 4} On September 12, 2002, appellant was indicted on one count of tampering with evidence, a violation of R.C. 2921.12(A)(1), a felony of the third degree. Appellant entered a not guilty plea to the charge.
 {¶ 5} On November 12, 2002, appellant withdrew both of his guilty pleas and entered no contest pleas to the lesser offense of cocaine possession, a second degree felony, and tampering with evidence. He was sentenced to five years in prison for cocaine possession and two years in prison for tampering with evidence. His sentences were ordered to be served consecutively. On December 16, 2002, appellant filed a notice of appeal.
 {¶ 6} In State v. Fuller, 6th Dist Nos. L-02-1387, 1388, 1389 and 1390, 2004-Ohio-2675, this court affirmed appellant's convictions but reversed the court's order requiring appellant to pay restitution and any fees permitted by R.C. 2929.18(A)(4) based on the fact that the court failed to consider appellant's present and future ability to pay. The case was remanded to the trial court for further proceedings.
 {¶ 7} On June 2, 2004, appellant appeared before the trial court for resentencing. The court reimposed the five year sentence for possession and the two year sentence for tampering. Once again, the court ordered the sentences served consecutively. The court vacated the portion of appellant's sentence ordering him to pay restitution and any fees.
 {¶ 8} On December 13, 2004, appellant filed a motion to withdraw his pleas of no contest. Appellant argued that he did not knowingly, voluntarily, or intelligently enter the pleas. The trial court denied his motion on March 30, 2005.
 {¶ 9} On appeal, appellant maintains that the court erred in denying his motion to withdraw his pleas. A motion to withdraw a plea of no contest or guilty is governed by Crim.R. 32.1 which provides: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Whether the movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. Therefore, an appellate court will not reverse a trial court's denial of a motion to withdraw a guilty plea absent an abuse of discretion. State v. Nathan (1995), 99 Ohio App.3d 722, 725. An abuse of discretion connotes more than an error of law or judgment; it implies that the action of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 10} Appellant contends that he was never informed that by entering his plea of no contest to the charge of drug possession, he waived his right to a disposition on his motion to suppress. Appellant contends that he would never have entered a no contest plea to the drug possession charge had he known that it precluded a ruling on his motion to suppress.
 {¶ 11} On November 12, 2002, before appellant entered his pleas of no contest, the court noted on the record that there was a pending suppression motion. The judge explained that he had prepared an opinion on the motion and that he finds the motion to be not well-taken. The judge said he would issue a formal decision on the matter at the end of the day. The state then informed the judge that the parties had reached an agreement with regard to pleas.
 {¶ 12} Next, appellant's counsel spoke. He told the court that they were withdrawing both their motion to suppress and their not guilty pleas. The judge then ordered the motion withdrawn and proceeded to question appellant pursuant to Crim.R. 11. The record shows that the judge thoroughly inquired of appellant as to his understanding of the proceedings and the consequences of his plea, including the waiver of his right to a jury trial. Appellant acknowledged that no threats or promises had been made to induce him to plead no contest, except for the plea agreement, which was then entered into the record as required by Crim.R. 11(F). The trial court also emphasized that, when deciding appellant's sentence, the court was not bound by any recommendations that the prosecutor might make pursuant to such a plea agreement. Finally, the court explained to appellant that by pleading no contest he was essentially giving up his right to appeal. Appellant stated that he understood his rights and that he was satisfied with his representation. Appellant then entered his pleas.
 {¶ 13} The record shows that appellant was in fact informed that his suppression motion would be moot if he entered a no contest plea. In any event, he was told that the motion would have been denied had he chose to proceed to trial. We therefore can see no prejudice to appellant. Accordingly, we conclude that appellant failed to establish any manifest injustice which would have required the trial court to grant his post-sentence withdrawal of his no contest plea to the charge of cocaine possession. Finding no abuse of discretion, appellant's sole assignment of error is found not well-taken.
 {¶ 14} On consideration whereof, this court finds appellant was not prejudiced and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, Pietrykowski, and Singer, J., concur.