DECISION AND JUDGMENT ENTRY {¶ 1} This is an appeal from a judgment of the County Court of Fulton County, Western District, following a guilty plea, in which the trial court found appellant, Thomas W. Rohda, guilty of one count each of operating a motor vehicle while intoxicated and fleeing and eluding, and sentenced appellant to serve a total of ten days in jail. In addition, the trial court ordered appellant to pay a $500 fine, reimburse the state of Ohio $45 per day for the ten days of his confinement in jail, and pay the costs of his court-appointed attorney.
 {¶ 2} On appeal, appellant sets forth the following three assignments of error:
 {¶ 3} "I. The trial court erred at sentencing in ordering the defendant-appellant to pay jail fees without considering the present and future ability of defendant-appellant to pay the sanctions imposed.
 {¶ 4} "II. The trial court erred at sentencing in ordering the defendant-appellant to pay fines and court costs without considering the present and future ability of defendant-appellant to pay the sanctions imposed.
 {¶ 5} "III. The trial court erred at sentencing in ordering the defendant-appellant to pay court appointed counsel fees without considering the present and future ability of defendant-appellant to pay and entering a separate civil judgment."
 {¶ 6} On December 29, 2005, a complaint was filed in the County Court of Fulton County, Western District, which charged appellant with one count of operating a motor vehicle while intoxicated, in violation of R.C. 4501.01, and one count of fleeing and eluding a police officer, in violation of R.C. 2921.331(B). Both offenses are first degree misdemeanors.
 {¶ 7} On January 24, 2006, pursuant to a plea agreement, appellant pled guilty to both charges. The plea was accepted, appellant was found guilty, and the matter was referred to the Fulton County Adult Probation Department for a presentence report and recommendation.
 {¶ 8} On March 7, 2006, a sentencing hearing was held, at which appellant's court-appointed attorney and the prosecutor agreed to accept the recommendations of the probation department. Appellant's attorney then told the court that appellant was currently unable to work due to a broken arm, and asked that appellant not be sent to jail until after a metal fixation device was removed by appellant's physician.
 {¶ 9} After hearing the above statements, the trial court sentenced appellant to serve 182 days in the Correctional Center of Northwest Ohio for driving while intoxicated, with 142 days of that sentence suspended. Of the remaining 40 days, 30 days were ordered spent on work release. Appellant was also ordered to pay a $500 fine, court costs, and a "jail fee" of $45 per day for each of appellant's ten day jail sentence. Appellant was also ordered to pay his court-appointed attorney's fees. Appellant's counsel objected to the "jail fee and the court-appointed counsel fees," on the basis that appellant was unable to work due to his injury. The objection was noted and overruled.
 {¶ 10} As to his conviction for fleeing and eluding, appellant was ordered to serve a 182-day sentence and pay a $500 fine. However, both penalties were suspended, pending successful completion of appellant's DUI sentence as set forth above, and provided appellant had no additional alcohol and/or drug related offenses for five years.
 {¶ 11} The trial court filed a judgment entry of sentencing on March 29, 2006. A timely notice of Appeal was filed on April 7, 2006.
 {¶ 12} In his first assignment of error, appellant asserts the trial court erred by ordering him to pay "jail fees". In his second assignment of error, appellant asserts the trial court erred by ordering him to pay "fines" and "court costs." In support of both assignments of error, appellant argues the trial court did not consider his present and future ability to pay, and failed to make a finding on the record that appellant could reasonably be expected to have the means to pay. In addition, appellant argues that the trial court ignored his indigent status and did not review "adequate information" regarding appellant's employment history, education, and restricted ability to work due to a broken arm. Since the issues raised in these two assignments of error are interrelated, they will be considered together.
 {¶ 13} R.C. 2947.23 mandates that "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Ohio courts have held that a trial court may assess court costs against an indigent defendant convicted of a misdemeanor. State v. Sims, 4th Dist. No. 04CA2779, 2006-Ohio-528, ¶ 19, citing State v. Chaney, 5th Dist. NO. 2004-CAC-07057, 2004-Ohio-6712, ¶ 6, extending the rationale applied to indigent defendants convicted of a felony, as set forth inState v. White, 103 Ohio St.3d 580, 2004-Ohio-5989, at paragraph one of the syllabus. Because the imposition of costs pursuant to R.C. 2947.23
is mandatory, this court has held that "[t]he trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay costs." State v. Reigsecker, 6th Dist. No. F-03-022, 2004-Ohio-3808, ¶ 10, citing State v. Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069. Accordingly, the trial court did not err by ordering appellant to pay court costs without first determining his ability to pay.
 {¶ 14} In addition to court costs imposed pursuant to R.C. 2947.23, in misdemeanor cases, the trial court may also impose financial sanctions including, but not limited to, a fine of up to $1,000. R.C.2929.28(A)(2)(a)(i). In addition, R.C. 2929.28(A)(3)(a)(ii) allows the trial court to order an offender to pay "[a]ll or part of the costs of confinement in a jail * * *, including, but not limited to, a per diem fee for room and board * * *," so long as the costs of such confinement do not "exceed the total amount of reimbursement the offender is able to pay * * *." R.C. 2929.28(A)(3)(b).
 {¶ 15} Pursuant to R.C. 2929.28(B), the trial court "may hold a hearing to determine whether the offender is able to pay the financial sanction imposed pursuant to this section or court costs or is likely in the future to be able to pay the sanction or costs." Ohio courts have interpreted R.C. 2929.28(B) to mean that a hearing to determine ability to pay is not required; however, there must, at minimum, "be some evidence in the record that the court considered the defendant's present and future ability to pay the sanction imposed." Reigsecker, supra, ¶ 11 and State v. Cole, 6th Dist. Nos. L-03-1163, L-03-1162,2005-Ohio-408, ¶ 26, citing State v. Fisher, supra.
 {¶ 16} In this case, the presentence report prepared by the Fulton County Adult Probation Department shows that, at the time of his arrest, appellant was being paid $9.25 per hour for working as a machine operator at Plastec, in Wauseon, Ohio. The report also shows that appellant's previous employer, Industrial Repair, paid appellant $12 per hour until he was fired in October 2005. In addition, appellant has both obtained his GED and taken "some College courses over time."
 {¶ 17} At the sentencing hearing, the trial court stated it had reviewed the presentence investigation report. Thereafter, both appellant's court-appointed counsel and the prosecutor asked the trial court to adopt the recommendations contained in the report.[1] Defense counsel then asked the trial court to delay the start of appellant's jail sentence because, at the time of the hearing, appellant had an external fixation device on his arm. The trial court also took notice of a statement from appellant's physician that appellant's medical status was to be re-evaluated on February 28, 2006. Neither defense counsel nor appellant testified that appellant's disability was permanent, or that appellant would not be able to return to work in the future. After sentencing appellant as set forth above, the trial court stayed appellant's jail sentence until March 31, 2006, to give appellant's injury time to heal.
 {¶ 18} On consideration, we find the record contains evidence that the trial court considered appellant's earning capacity, education and employment history and that, before imposing financial sanctions, the trial court was fully aware of appellant's medical status and the temporary limitations imposed by his broken arm. Accordingly, the record contains some evidence bearing on appellant's earning capacity and ability to pay financial sanctions. Therefore, the trial court did not err by ordering appellant to pay costs of confinement, court costs, and a fine. Appellant's first and second assignments of error are not well-taken.
 {¶ 19} In his third assignment of error, appellant asserts the trial court erred by ordering him to pay his court-appointed attorney fees. In support, appellant argues the trial court failed to make a required finding on the record that appellant has or is reasonably expected to have the ability to pay court-appointed attorney fees.
 {¶ 20} R.C. 2941.51(D), which governs the payment of court-appointed counsel fees, states, in relevant part, that:
 {¶ 21} "The fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county in an amount that the person reasonably can be expected to pay. * * *"
 {¶ 22} This court and other Ohio courts have consistently held that, before court-appointed attorney fees are imposed on a defendant pursuant to R.C. 2941.51(D), "there must be a finding on the record that the offender has the ability to pay." State v. Phillips, 6th Dist. No. F-05-032, 2006-Ohio-4135, ¶ 20; State v. Knight, 6th Dist. No. S-05-007,2006-Ohio-4807; State v. Fisher, 12th Dist. No. CA98-09-190, 2002-Ohio-2069. In spite of the record arguably supporting such a finding, it is undisputed that the trial court did not make the required finding that appellant has, or is reasonably expected to have, the ability to pay his court-appointed attorney fees. Accordingly, appellant's third assignment of error is well-taken.
 {¶ 23} The judgment of the County Court of Fulton County, Western District, is affirmed in part and reversed in part. The case is remanded to the trial court for further proceedings to determine appellant's present and future ability to pay attorney fees pursuant to R.C.2941.51(D).
 {¶ 24} Appellee, the state of Ohio, and appellant are ordered to share equally the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.
[1] The presentence investigation report contained the following recommendations: one year of probation; ten days in jail and 30 days work release; drug and alcohol assessment and treatment at Five County Drug and Alcohol; no alcohol or driving-related offenses for three years; no consumption of alcohol or illegal drugs; and "[a]ny additional conditions imposed by probation."