[Cite as *State v. Hackley*, 2017-Ohio-4094.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-24 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-179 |
| | : | |
| DAVID E. HACKLEY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . . .

KEVIN S. TALEBI, Atty. Reg. No 0069198, Assistant Champaign County Prosecutor, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

ANN M. RINGLER, Atty. Reg. No. 0082305, P.O. Box 30258, Springfield, Ohio 45501
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, David E. Hackley, appeals from his conviction and sentence in the Champaign County Court of Common Pleas after pleading guilty to one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A). In proceeding with the appeal, Hackley's appointed counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that there are no issues with arguable merit to present on appeal. Hackley's counsel then identified four potential assignments of error for us to consider. Hackley's counsel also sent a copy of the appellate brief and a letter to Hackley to inform him that he could file his own brief raising assignments of error. No separate appellate brief has been filed by Hackley.

{¶ 2} After conducting a review as prescribed by *Anders*, we also find no issues with arguable merit. Accordingly, the judgment of the trial court will be affirmed.

I. Course of Proceedings

{¶ 3} On July 7, 2016, the Champaign County Grand Jury indicted Hackley on one count of Domestic Violence, a felony of the third degree, in violation of R.C. 2919.25(A). Dkt. 1. At the initial arraignment in the Champaign County Court of Common Pleas, the trial court determined that Hackley was indigent. Dkt. 5. Hackley pled not guilty to the one count of Domestic Violence.

{¶ 4} On August 22, 2016, Hackley agreed to withdraw his not guilty plea and instead enter a plea of guilty to Domestic Violence, a felony of the fourth degree. Hackley signed a Plea Agreement in which he acknowledged that, among other things, the

possible penalty for this crime was between six and eighteen months in prison and a maximum fine of $5,000; court costs, restitution, and other financial sanctions may be imposed; he was giving up his right to a jury trial; and he entered his plea voluntarily. Dkt. 21.

{¶ 5} On September 19, 2016, the trial court entered a judgment of conviction and sentence. Dkt. 25. Hackley was found guilty of one count of Domestic Violence, a felony of the fourth degree, in violation of R.C. 2919.25(A). The trial court sentenced him to fourteen months in prison. The trial court imposed a $250 fine and ordered that Hackley will be responsible for paying back the costs of his defense. Hackley appeals from this conviction and sentence.

II. Law and Analysis

{¶ 6} In *Anders* cases, the appellate court must conduct a thorough examination of the proceedings to determine whether the appeal is frivolous, and if it is, the court may "grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it." *State v. McDaniel*, 2d Dist. Champaign No. 2010 CA 13, 2011-Ohio-2186, ¶ 5, citing *Anders* at 744. "If we find that any issue presented or which an independent analysis reveals is not wholly frivolous, we must appoint different appellate counsel to represent the defendant." (Citation omitted.) *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 7.

{¶ 7} "Anders equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution

can be expected to present a strong argument in reply, or because it is uncertain whether a defendant will ultimately prevail on that issue on appeal." *Id.* at ¶ 8, citing *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788. Rather, "[a]n issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *Marbury* at ¶ 8.

{¶ 8} In conducting our independent review, Hackley's appellate counsel has requested that we consider the following four potential assignments of error: (1) whether the trial court appropriately considered the factors in R.C. 2929.12 in determining the length and nature of Hackley's sentence; (2) whether the trial court abused its discretion in sentencing Hackley to fourteen months in prison; (3) whether Hackley entered a plea that was knowing and intelligent given the exchange between the trial court and Hackley at the end of the plea colloquy; and (4) whether the trial court appropriately ordered indigent Hackley to pay a fine and repay the costs of his defense.

{¶ 9} The first potential assignment of error raised by Hackley's appellate counsel concerns whether the trial court appropriately considered the factors in R.C. 2929.12 in determining the length and nature of Hackley's sentence.

{¶ 10} At the sentencing hearing, the trial court stated (Transcript of Sentencing Hearing, p. 17-19):

> THE COURT: Thank you. Court has reviewed the pre-sentence investigation report, statements of counsel, statements of the Defendant, and Court's interaction with the Defendant. Court has also reviewed the victim impact statement as well as the oral statements of [C.P.].
>
> In imposing sentence, the Court has considered and applied the

purposes and principles of sentencing set forth in 2929.11 divisions A, B, and C. The Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces. With regard to more serious factors, the Court finds that Defendant's relationship with the victim facilitated the offense. That during the domestic violence incident that the Defendant assaulted the victim in two separate occasions. That during the domestic violence incident the Defendant strangled the victim in two separate occasions. That during the domestic violence incident the Defendant punched the victim in the abdominal region knowing she had had a previous surgery in that area. She had had recent previous surgery in that area.

With regard to less serious factors, the Court finds none. The Court concludes that the factors establishing the Defendant's conduct is more serious outweigh factors establishing conduct is less serious. With regard to recidivism factors, the Court finds that Defendant has a history of criminal convictions, has not responded favorably to sanctions previously imposed, and shows no genuine remorse for the offense.

With regard to less likely to commit future crimes, the Court finds that prior to committing the offense the Defendant was not adjudicated a delinquent child. And prior to committing the offense the Defendant led a law-abiding life for a significant number of years. Significant, in this case, is four. The Court finds that although you may not think that four is very long. You, meaning, anyone reading this record. Given the Defendant's

criminal history record, four years is significant.

Court concludes, however, that factors establishing the Defendant's recidivism is more likely outweigh factors establishing Defendant's recidivism is less likely. Court considered the Defendant's military service. Finds he has no military service record. Court also makes the 2929.13(B)(1)(b) findings that the Defendant at the time of the offense had previously served a prison term.

Upon consideration of all sentencing matters, the Court imposes on Count One imprisonment of 14 months to the Ohio Department of Corrections. * * *

**{¶ 11}** In its September 19, 2016 judgment entry of conviction and sentence, the trial court made findings under R.C. 2929.11, R.C. 2929.12, and R.C. 2929.13. Dkt. 25. With respect to R.C. 2929.12, the trial court considered the factors set forth in R.C. 2929.12(B) and (C) relating to the seriousness of the conduct, the factors in R.C. 2929.12(D) and (E) relating to the likelihood of recidivism, the factors in R.C. 2929.12(F) pertaining to any service in the armed forces, and any other relevant factors as called for in R.C. 2929.12(A).

**{¶ 12}** Based on the trial court's thorough analysis of the factors set forth in R.C. 2929.12, both at the sentencing hearing and in its judgment entry, we can find no arguably meritorious claim that the trial court failed to appropriately consider the factors in R.C. 2929.12 in determining the length and nature of Hackley's sentence.

**{¶ 13}** The second potential assignment of error raised by Hackley's appellate counsel concerns the trial court's decision to impose a fourteen-month prison sentence.

Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 14} In *State v. Rodeffer*, 2013-Ohio-5759, 5 N.E.3d 1069, ¶ 32 (2d Dist.), we stated that:

> [a]lthough [*State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124] no longer provides the framework for reviewing felony sentences, it does provide * * * adequate guidance for determining whether a sentence is clearly and convincingly contrary to law. * * * According to *Kalish*, a sentence is not contrary to law when the trial court imposes a sentence within the statutory range, after expressly stating that it had considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12.

{¶ 15} The trial court imposed a fourteen-month term of prison on Hackley, which is within the statutory range of six to eighteen months for a fourth-degree felony. R.C. 2929.14(A)(4). Moreover, as we noted above, the trial court expressly stated that it considered the purposes and principles of sentencing set forth in R.C. 2929.11, as well as the factors in R.C. 2929.12. The evidence in the record supports the findings made by the trial court. Based on our review of the record, we can find no arguably meritorious claim that the fourteen-month prison sentence was clearly and convincingly contrary to law or not supported by the record.

{¶ 16} The third potential assignment of error raised by Hackley's appellate

counsel concerned whether Hackley entered a plea that was knowing and intelligent given the exchange that occurred between the trial court and Hackley at the end of the plea colloquy.

{¶ 17} Prior to accepting Hackley's guilty plea, the trial court asked Hackley a series of questions in order to determine whether Hackley was making a knowing, intelligent, and voluntary plea. A number of these questions went over all of the rights that Hackley was waiving, as required by Crim.R. 11(C). The trial court then presented Hackley with a written waiver form to review with his attorney and then sign. Hackley signed the written waiver. The trial court then accepted Hackley's guilty plea. Transcript of Plea Hearing, p. 4-14.

{¶ 18} After accepting Hackley's guilty plea, the trial court then stated that it would order a pre-sentence investigation report. As part of this process, the trial court explained to Hackley the need to fill out two forms before his pre-sentence investigation meeting (*id.* at 19):

> THE COURT: The Bailiff will place in front of you two forms for you to complete before you meet with the pre-sentence investigation writer Addie King. Addie King is her name. One will be an authorization to release information. The second will be a pre-sentence investigation questionnaire. Don't leave any question on the form blank. If the question doesn't apply to you, then mark it NA meaning not applicable. So if they ask you, for example, what are the ages of your children and you didn't have any children, you wouldn't skip over the question. You would just mark it NA, meaning, this question doesn't apply to me and move on to the next

question. That way I know you paid attention to all the questions on the form. Do you understand that?

THE WITNESS: Yes, Your Honor.

THE COURT: Addie will meet with you, interview you, and write a report. The Court will use the report to decide what to do with your case before you come back to Court for sentencing. Are you able to read and write?

THE WITNESS: Yes, Your Honor.

**{¶ 19}** The trial court then explained to Hackley the requirements of his release on personal recognizance bond and adjourned the plea hearing. *Id.* at 19-22. But the trial court then came back on the record to address a question Hackley had addressed to the bailiff. The following exchange then occurred between Hackley and the trial court (*id.* at 22-24):

THE COURT: Mr. Hackley, the Bailiff has indicated that you requested a different time period for your pre-sentence investigation report interview because you needed assistance in filling out the questionnaire because of difficulty reading; is that accurate?

THE WITNESS: Yes.

THE COURT: Now, did I just ask you not more than two minutes ago whether you had any trouble reading?

THE WITNESS: I don't have any trouble reading. I can read. I can write. Yes, Your Honor, you did.

THE COURT: Why didn't you say anything to me?

THE WITNESS: I don't understand some of the questions on here that it's asking, Your Honor.

THE COURT: I know. That is why I asked you if you had any difficulty.

THE WITNESS: I'm sorry, Your Honor.

THE COURT: I'm sorry too. And the reason I'm sorry is because it makes me question whether you understood anything else I explained to you. Including your responses to my questions about your obligations on bond. Do you understand what I'm saying?

THE WITNESS: Yes, Your Honor.

THE COURT: And because I have questions about it, it makes me want to reconsider whether you should be released on bond. As well as whether you can even complete your PSI. Maybe we should have sentencing today. Do you understand that?

THE WITNESS: Yes, Your Honor.

THE COURT: Out of an abundance of caution, Attorney Brecount, are you able to assist your client in filling out the questionnaire?

MR. BRECOUNT: Yes, I can. But I don't know if I can do it before this Wednesday.

THE COURT: We'll reschedule the PSI interview to accommodate your schedule. Bailiff, if it means that Ms. King is not able to do it, then let the Prosecutor know so he can send the discovery to Marcie Reynolds if it comes to that.

Mr. Hackley, it's my expectation that when I ask you a question, that you understand it and able to respond to it. And if you don't, and I find out later that you didn't understand, it's going to be deemed to be a negative consequence for you. Do you understand that?

THE WITNESS: Yes, Your Honor.

THE COURT: Is there anything that you want to go over with me before you leave here today about something you didn't understand?

THE WITNESS: No, Your Honor.

THE COURT: You better start answering my questions with a full understanding.

THE WITNESS: Yes, Your Honor.

{¶ 20} This exchange between Hackley and the trial court took place after the trial court had accepted Hackley's guilty plea. The trial court appeared frustrated that Hackley did not understand some of the questions on the form that needed to be filled out to begin the pre-sentence investigation process. During this exchange, the trial court questioned whether Hackley understood previous questions asked by the trial court. In particular, the trial court wondered whether Hackley in fact understood what his obligations would be while he was out on bond. The trial court, however, then received an assurance from Hackley that he did understand the previous questions that the trial court had asked him during the plea hearing.

{¶ 21} Moreover, prior to accepting Hackley's guilty plea, the trial court asked a series of questions that ensured that Hackley's plea was knowing, voluntary, and intelligent. Hackley was represented by counsel and read and signed the written waiver

form. "A written waiver of constitutional rights is presumed to have been voluntary, knowing, and intelligent." *State v. Starr*, 5th Dist. Ashland No. 16-COA-19, 2016-Ohio-8179, ¶ 25, citing *State v. Tuner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶ 25. Based on our review of the record, we can find no arguably meritorious claim that Hackley's guilty plea was anything but knowing and intelligent.

{¶ 22} The fourth potential assignment of error raised by Hackley's appellate counsel was whether the trial court appropriately ordered indigent Hackley to pay a $250 fine and repay the costs of his defense.

{¶ 23} At the sentencing hearing, the trial court stated, at pages 20-21 of the transcript:

THE COURT: You have jail time credit of 56 days as of today's date. You'll receive additional jail-time credit pending delivery to prison. The Court has considered your present and future ability to pay the amount of financial obligation before imposing a financial sanction on you. By considering the pre-sentence report and statements made here you are ordered to pay back the cost of the case. Judgment is granted for cost. Execution for cost is awarded. If you fail to pay as ordered, the Court may order community service. Community service will apply as a credit to the cost judgment.

On Count One fine is imposed of $250. It's an ordinary fine. Restitution was not requested. You are also ordered to pay back the cost of the legal fees and expenses. The legal fees and expenses will be separately collected by the clerk. They are not to be taxed as part of court

cost. I'm just setting forth notice of your obligation to be responsible for the repayment.

**{¶ 24}** In its judgment entry, the trial court stated the following regarding Hackley's financial obligations (Dkt. 25, p. 7-8):

In imposing the following financial obligations upon the Defendant, the Court has reviewed and considered the information contained in the pre-sentence investigation report (relating to the Defendant's age, health, education and employment history) and the statements of the Prosecutor, Defense Counsel and Defendant in considering the Defendant's present and future ability to pay the amount of the financial obligation before imposing such a financial sanction. R.C. 2929.19(B)(5).

The Court found from the information presented that the Defendant is not indigent for costs, fine, and court-appointed legal fees and expenses purposes.

The Court found from the information presented that the Defendant is employable and in good health.

The Court found from the information presented that the Defendant is able to pay costs, fine, and court-appointed legal fees and expenses upon release from confinement.

**{¶ 25}** R.C. 2929.19(B)(5) provides "Before imposing a financial sanction under section 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." The trial court found that Hackley, at the time of sentencing, was

not indigent. Further, the trial court considered Hackley's present and future ability to pay the fine and defense costs. Dkt. 25. The fact that the trial court previously found Hackley indigent for purposes of appointing trial counsel does not require the trial court to later find Hackley indigent for purposes of the imposition of any fines or repayment of defense costs. Rather, there must be some evidence that the trial court considered Hackley's present and future ability to pay. *State v. Cole*, 6th Dist. Lucas Nos. L-03-1163 and L-03-1162, 2005-Ohio-408, ¶ 26. There is such evidence in the record before us.

{¶ 26} The trial court also properly noted that the fees and expenses associated with Hackley's defense would be separately collected by the Clerk pursuant to R.C. 2941.51(D). As a result, we can find no arguably meritorious claim that the trial court erred in imposing a fine and requiring Hackley to repay the costs of his defense. Further, in compliance with our responsibility under *Anders*, we have independently reviewed the record and find no non-frivolous issues for appellate review.

### III. Conclusion

{¶ 27} The potential assignments of error presented by appellate counsel are wholly frivolous, and we find no issues with arguable merit to present on appeal. Accordingly, appointed appellate counsel's request to withdraw from further representation is granted, and the judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, P.J. and DONOVAN, J., concur.

Copies mailed to:

Kevin S. Talebi
Ann M. Ringler
David E. Hackley
Hon. Nick A. Selvaggio