The STATE of Ohio, Appellee,

v.

PERZ, Appellant.

[Cite as *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–06–1359.

Decided Aug. 3, 2007.

Lynn A. Grimshaw, Special Prosecutor, and Brenda J. Majdalani, Assistant Lucas County Prosecuting Attorney, for appellee.

Barry E. Savage, for appellant.

Osowik, Judge.

{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court, following a no-contest plea, in which the trial court found appellant, Sally Perz, guilty of one count of knowingly filing a false financial disclosure statement in violation of R.C. 102.02(D), a first-degree misdemeanor. At sentencing, in addition to a fine, the trial court ordered appellant to pay $4,125 as "her proportionate share of the cost of the investigation and prosecution."

{¶ 2} On appeal, appellant sets forth the following four assignments of error:

{¶ 3} "First Assignment of Error

{¶ 4} "The Court has no authority to order [appellant] to pay the costs of investigation and prosecution.

{¶ 5} "Second Assignment of Error

{¶ 6} "If the trial court had intended that its sentence be a form of restitution, then costs of investigation do fall within the meaning of restitution. However, nowhere in the transcript is there a mention of the word 'restitution,' and therefore the trial court exceeded its authority in ordering the payment of 'costs of investigation.'

{¶ 7} "Third Assignment of Error

{¶ 8} "The trial court departed from the plea agreement that had been entered into by ordering the payment of costs of investigation.

{¶ 9} "Fourth Assignment of Error

{¶ 10} "The record is devoid of any supporting documentation as to the amount ordered to be paid[.] If the payment of the costs of investigation is to be looked at as a restitution order, the record is totally devoid of any documents supporting the amount contained in the October 5, 2006 Order (Court Docket # 4)."

{¶ 11} The undisputed facts are as follows. On June 28, 2006, a complaint was filed in the Toledo Municipal Court that charged appellant, Sally Perz, a public official, with filing a financial disclosure form "that failed to disclose the source of a gift in excess of $75" in violation of R.C. 102.02(D), a first-degree misdemeanor. That same day, appellant signed a written plea agreement, in which she agreed to plead no contest to the charge and pay a $1,000 fine. The charges were brought as a result of an investigation conducted by the Ohio Ethics Commission ("OEC"). The plea agreement stated that "[t]he State of Ohio will not take a position as to expungement if an application is timely filed, but will defer to the direction and judgment of the judge accepting the plea."

{¶ 12} Immediately thereafter, a hearing was held at which the trial court informed appellant of her constitutional rights before accepting the plea and finding her guilty. The trial court then sentenced appellant to pay a $1,000 fine plus court costs and "the costs of the investigation and prosecution of this matter." The hearing was then concluded, and a judgment entry containing the trial court's judgment and sentencing order was journalized. On October 5, 2006, the trial court filed another judgment entry, in which it stated:

{¶ 13} "At the sentencing on June 28, 2006 defendant with three other defendants [1] was ordered to pay the cost of the investigation and prosecution in this matter. Special Prosecutor Lynn Grimshaw has now forwarded to the court the Ohio Ethics Commission's Statement of costs incurred. The total costs conservatively calculated and incurred in the investigation and prosecution of the

---

1. In addition to appellant, three other individuals were charged with similar offenses. However, none of those individuals has appealed the trial court's judgment.

four defendants was $16,498.77. Accordingly this defendant is responsible for $4,125.00.

{¶ 14} "ORDERED: The defendant shall submit $4,125.00 to the Clerk of Courts within 30 days for disbursement to the Ohio Ethics Commission."

{¶ 15} On October 19, 2006, appellant filed a "Motion to Vacate Portion of Sentence Ordering Payment of Restitution." In support, appellant argued that the trial court did not have authority pursuant to R.C. 2929.28 to order her to pay the OEC's investigative costs. On October 31, 2006, the trial court filed a judgment entry in which it denied appellant's motion to vacate, after finding that "[n]othing in the sentencing statute R.C. 2929.28 limit[s] this court in assessing the investigation and prosecution costs in this matter." Appellant filed a timely notice of appeal on November 3, 2006.

{¶ 16} We will first consider appellant's third assignment of error, in which appellant asserts that the trial court's sentencing order is "subject to being set aside on appeal" because it impermissibly deviates from the terms of the negotiated plea agreement. In support, appellant argues that (1) she agreed only to pay a fine, not the costs of the OEC's investigation, in exchange for her plea and (2) payment of the OEC's investigative costs is not authorized by R.C. 2929.28.

{¶ 17} R.C. 2929.28(A) states:

{¶ 18} "(A) In addition to imposing court costs pursuant to section 2947.23 of the Revised Code, the court imposing a sentence upon an offender for a misdemeanor * * * may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. * * * [F]inancial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

{¶ 19} "(1) * * * [R]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * *

{¶ 20} "(2) * * *

{¶ 21} "(a) A fine in the following amount:

{¶ 22} "(i) For a misdemeanor of the first degree, not more than one thousand dollars; * * *

{¶ 23} "(3)(a) Reimbursement by the offender of any or all of the costs of sanctions incurred by the government, including, but not limited to, the following:

{¶ 24} "(i) All or part of the costs of implementing any community control sanction, * * *

{¶ 25} "(ii) All or part of the costs of confinement in a jail or other residential facility * * *."

{¶ 26} The standard of review for sentencing in misdemeanor cases is abuse of discretion. *State v. Sims,* 4th Dist. No. 04CA2779, 2006-Ohio-528, 2006 WL 290293, ¶ 20, citing *In re Slusser* (2000), 140 Ohio App.3d 480, 487, 748 N.E.2d 105. On appeal, the trial court's sentence will not be reversed as an abuse of discretion, even if it deviates from the terms of a negotiated plea, so long as it is within the statutory limit and the trial court considered applicable statutory criteria. *State v. Yonis,* 5th Dist. No. CA–05–21, 2006-Ohio-5993, 2006 WL 3290806, ¶ 61; *State v. Tutt* (1988), 44 Ohio App.3d 138, 541 N.E.2d 1090. A finding of abuse of discretion implies that the trial court's conduct was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 27} Generally, absent statutory authorization, the costs of a government investigation are not taxable as "court costs." See *State v. Fitzpatrick* (1991), 76 Ohio App.3d 149, 153, 601 N.E.2d 160. See, also, *State v. Hill,* 2d Dist. No. 04CA0047, 2005-Ohio-3877, 2005 WL 1797041, ¶ 3 ("[N]o penalty may be imposed upon conviction of a criminal offense which the General Assembly has not by statute prescribed for that purpose."); *State v. Johnson,* 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶ 24 (The trial court abused its discretion by ordering an offender to reimburse costs of investigation to the Ohio Highway Patrol, where such a sanction was not authorized by statute). It is undisputed that R.C. 2929.28 does not expressly authorize the trial court to impose the costs of an investigation as a financial sanction. Therefore, in resolving the issues raised in appellant's third assignment of error, we must determine whether the phrase "include, but are not limited to" in R.C. 2929.28 indirectly authorizes the trial court to order appellant to pay a pro rata share of the costs incurred by the OEC's investigation.

{¶ 28} In matters involving statutory interpretation, " '[i]f the construction and interpretation of statutory language [reveal] the statute to be facially ambiguous, it is the function of the courts to construe the statutory language to effect a just and reasonable result.' " *Meadowwood Manor, Inc. v. Ohio Dept. of Health,* 12th Dist. No. 2006–08–010, 2007-Ohio-2067, 2007 WL 1248183, ¶ 21, quoting *Burdge v. Kerasotes Showplace Theatres, L.L.C.,* 12th Dist. No. CA2006–02–023, 2006-Ohio-4560, 2006 WL 2535762, ¶ 35. If an ambiguity is found to exist, courts may resolve it by considering statutes on the same or similar subjects. Id. at ¶ 21; R.C. 149(D). In so doing, "courts should construe statutes relating to the same subject matter as consistent rather than inconsistent." Id.,

citing *Northwestern Ohio Bldg. & Constr. Trades Council v. Conrad* (2001), 92 Ohio St.3d 282, 297–289, 750 N.E.2d 130.

{¶ 29} As set forth above, immediately preceding the phrase "include, but are not limited to," R.C. 2929.28(A) states that the trial court "may sentence the offender to any financial sanction or combination of financial sanctions *authorized under this section.*" (Emphasis added.) Upon consideration, we find that this phrase is ambiguous as to whether the trial court is authorized to order appellant to pay costs of the OEC's investigation. To resolve this ambiguity, we must look to the language employed elsewhere in R.C. 2929.28, along with other statutes on the same or similar subjects.

{¶ 30} First, an examination of R.C. 2929.28 reveals that the only specific authorization for disbursement of financial sanctions in misdemeanor cases is found in R.C. 2929.28(C)(1) and (2), which provide that sanctions collected pursuant to R.C. 2929.28(A)(3) are to be paid to the county or city treasurer for deposit into the general fund. As to the nature of such payments, pursuant to R.C. 2929.28(D), "a financial sanction imposed under division (A) * * * is a judgment in favor of the state or the political subdivision that operates the court that imposed the financial sanction. * * * A financial sanction of restitution * * * is an order in favor of the victim of the offender's criminal act."

{¶ 31} In contrast, the OEC is an administrative agency, created by the Ohio legislature for the specific purpose of initiating and/or investigating complaints regarding the financial misconduct of public officials. R.C. 102.05. Pursuant to R.C. 102.06, if a complaint is found to be valid, the OEC is authorized to mediate, compromise, and/or settle claims with an accused. Pursuant to R.C. 102.02(G)(2), all money collected from such activities, or from fines and fees pursuant to R.C. 102.02(E) and (F),[2] is to be deposited into a fund, to be used exclusively "for expenses related to the operation and statutory functions of the [OEC]." However, the OEC is not authorized by either R.C. 102.02 or 102.06 to receive court-ordered reimbursement for the cost of its investigations.

{¶ 32} Finally, in the Ohio Revised Code, the Ohio legislature has provided express authorization for reimbursement of investigative costs in particular types of cases. For example, R.C. 2923.32(B)(2)(c) provides for payment of the costs of investigation in cases involving violations of the Racketeer Influenced and Corrupt Organization Act; R.C. 2929.71(D) states that in arson cases, the trial court "shall order the offender, as part of the offender's sentence, to reimburse the [investigating] agencies from the offender's assets for all or a specified portion of

---

2. Pursuant to R.C. 102.02(E), the OEC is authorized to collect administrative fees for filing fees for disclosure statements filed pursuant to R.C. 102.02(A) or (B). Pursuant to R.C. 102.02(F), the OEC is statutorily authorized to collect late filing fees.

their established costs"; and R.C. 2913.40(F) allows the trial court to order an offender to pay the costs of investigating Medicaid fraud cases.

{¶ 33} Upon consideration of the foregoing, we resolve the ambiguity in R.C. 2929.28 by holding that while the trial court is not expressly prohibited from ordering appellant to pay the costs of an OEC investigation, the statute does not give direct or implied authorization for the trial court to order appellant to pay such costs. Accordingly, the trial court abused its discretion when it deviated from the terms of the negotiated plea agreement by ordering appellant to pay a pro rata portion of the costs of the OEC's investigation in this case. Appellant's third assignment of error is well taken.

{¶ 34} In her first assignment of error, appellant asserts that the trial court erred by ordering her to pay both the costs of the OEC's investigation and the costs of prosecution. In support, appellant argues that neither sanction is authorized by R.C. 2929.28.

{¶ 35} As set forth in our determination as to appellant's third assignment of error, the trial court abused its discretion by deviating from the terms of the negotiated plea agreement and ordering appellant to pay the OEC's investigative costs. Accordingly, appellant's first argument is moot.

{¶ 36} As to appellant's remaining argument, this court has recently held that R.C. 2947.23 requires the trial court to order the defendant to pay the costs of prosecution in all criminal cases, including misdemeanors. *State v. Johnson*, 6th Dist. No. L–04–1221, 2006-Ohio-1406, 2006 WL 751348, ¶ 54; *State v. Rohda*, 6th Dist. No. F–06–007, 2006-Ohio-6291, ¶ 13. Because the imposition of prosecutorial costs is mandatory, " '[t]he trial court is not required to hold a hearing or otherwise determine an offender's ability to pay before ordering him to pay costs.' " Id., quoting *State v. Riegsecker*, 6th Dist. No. F–03–022, 2004-Ohio-3808, 2004 WL 1595723, ¶ 10. However, such costs are limited to "those [expenses] directly related to the court proceedings * * *." *State v. Christy*, 3d Dist. No. 16–04–04, 2004-Ohio-6963, 2004 WL 2940888, ¶ 22.[3]

{¶ 37} Upon consideration of the foregoing, we hold that the trial court did not err or otherwise abuse its discretion by ordering appellant to pay the costs of prosecution in this case. Accordingly, appellant's argument that the trial court abused its discretion by ordering her to pay those costs has no merit, and her first assignment of error is, therefore, not well taken.

---

3. For example, the trial court may order a defendant to pay "fees of officers and court personnel [R.C. 2303.28], including clerks of court [R.C. 2303.20]; jury fees [R.C. 2947.23]; witness fees [R.C. 2335.05]; interpreters fees [R.C. 2335.09]; and fees of psychologists and psychiatrists [R.C. 2947.06]; etc." *Christy*, 3d Dist. No. 16–04–04, 2004-Ohio-6963, 2004 WL 2940888, ¶ 22.

{¶ 38} In her second assignment of error, appellant asserts that the financial sanctions imposed by the trial court are an improper attempt to order her to pay "restitution" pursuant to R.C. 2929.28(A)(1). In support, appellant argues that the trial court did not follow the statutory prerequisites before making such an award. Similarly, in support of her fourth assignment of error, appellant argues that costs of the OEC's investigation are outside the scope of an award of restitution as contemplated in R.C. 2929.28(A)(1). In response, the state of Ohio asserts that "the trial transcript fails to mention the word 'restitution,' making it highly doubtful that the trial court intended any of its financial sanctions to be labeled as restitution." Because these two assignments of error are related, we will consider them together.

{¶ 39} Pursuant to R.C. 2929.28(A)(1), financial sanctions imposed in misdemeanor cases may include "[r]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss." The amount to be repaid shall be determined by the trial court based on certain factors, which may include "the amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts * * *, and other information." Id.

{¶ 40} A review of the record shows that the trial court made no reference to "restitution," as described in R.C. 2929.28(A)(1), either before or after ordering appellant to pay the costs of investigation and prosecution in this case. In addition, the record contains no documentation to support the trial court's conclusion that appellant's pro rata portion of such "costs" amounts to $4,125. Finally, the record contains no evidence that reimbursement to the OEC for the cost of investigating the allegations against appellant would constitute reimbursement of economic loss to any particular victim, as that term has been defined by the General Assembly and applied to this prosecution under this statute.

{¶ 41} On consideration of the foregoing, we hold that the trial court's order for appellant to pay the costs of investigation and prosecution in this case does not amount to "restitution" as contemplated by R.C. 2929.28(A)(1). Accordingly, appellant's second and fourth assignments of error are not well taken.

{¶ 42} The judgment of the Toledo Municipal Court is hereby affirmed in part and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this decision and judgment entry. Because the record contains no documentation as to the actual costs of prosecution in this case, the trial court's proceedings on remand must include a determination as to what expenses were directly related to the cost of prosecuting this case against appellant.

108

{¶ 43} Appellee, the state of Ohio, is hereby ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment affirmed in part
and reversed in part,
and cause remanded.

SINGER and SKOW, JJ., concur.