DECISION AND JUDGMENT
{¶ 1} Appellant, Rickie D. Lanier, appeals three judgments of the Toledo Municipal Court finding him guilty of violating two separate anti-stalking civil protection orders issued pursuant to R.C. 2919.26 or3113.31 and Toledo Municipal Code 537.26. Briefly, the pertinent facts of this appeal are as follows. *Page 2 
 {¶ 2} At approximately four o'clock in the morning on February 2, 2008, the first victim, Patricia Thompson, heard a "big bang." When Thompson went downstairs, she looked through a window and saw appellant standing on her porch. He was yelling "Police." Thompson and appellant were married for 20 years; however, they were divorced prior to this incident. In addition, a civil protection order was in place that precluded appellant from having contact with his former wife. When Thompson called the police, appellant ran away. Thompson subsequently received two anonymous letters postmarked February 4, 2008. In one of the letters the writer threatened to kill Thompson. At the trial of this case, Thompson identified the handwriting in the letters as appellant's.
 {¶ 3} A second woman, Ida M. Lane, who also sought and obtained a civil protection order prohibiting appellant from having any contact with her, received a letter, postmarked February 7, 2008. Among other things, the letter threatened: "I'm gonna make you pay for what you did to me." It was signed "Daddy." Lane testified that it was appellant's handwriting in the letter. Appellant also provided a sample of his handwriting as an exhibit.
 {¶ 4} After finding appellant guilty of the charged offenses, the trial court sentenced Lanier to six months in the Corrections Center of Northwest Ohio on each of his three convictions. By means of two separate judgment entries in CRB-08-03067-0101 and CRB-08-02191-0101, the court ordered the six month sentences to be served consecutive to each other. Nevertheless, in the judgment entry in CRB-08-02458-0101, *Page 3 
the court ordered the third sentence to be served concurrent to the other two sentences for a total of 12 months in prison.
 {¶ 5} Appellant was appointed counsel for the purposes of this appeal. Appellant's counsel, however, submitted a motion to withdraw pursuant toAnders v. California (1967), 386 U.S. 738. Under Anders, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, he or she must advise the court of the same and request permission to withdraw. Id. at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his or her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements are satisfied, the appellate court is required to conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. Id. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating any constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 6} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Counsel notified appellant of the fact that she could not find arguable merit in his appeal. Appellant responded by filing a letter in this court, raising two matters for our consideration. *Page 4 
 {¶ 7} The arguable errors raised by appellate counsel are "whether or not the sentence of the trial court was excessive and whether it was appropriated justly."
 {¶ 8} We review sentencing in misdemeanor cases under an abuse of discretion standard. State v. Perz, 173 Ohio App.3d 99, 2007-Ohio-3962, ¶ 25
(citations omitted). An abuse of discretion implies that the trial court's attitude in reaching its decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. State v.Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} In the present case, testimony revealed that appellant repeatedly threatened and harassed Thompson and Lane. Furthermore, his criminal history reveals that he previously violated protective orders and was found guilty of domestic violence, menacing and/or aggravated menacing numerous times since 1997. Based upon this history and the nature of the threats made against Thompson, we cannot say that the trial court abused its discretion in sentencing appellant to six months incarceration on each of the three convictions. Therefore, appellate counsel's argument on this portion of counsel's potential assignment of error lacks merit.
 {¶ 10} However, counsel also raises a second issue in this possible assignment of error. In particular, she contends that the sentences imposed on appellant were appropriated, that is, apportioned, unjustly. This question is also addressed by appellant in his first argument. Specifically, appellant asserts that the clerk of court's entry of the trial court's judgment in CRB-08-02458-0101 on its journal incorrectly sentences him to a third consecutive sentence, rather than a concurrent sentence as set forth in the trial *Page 5 
court's judgment entry, thereby making the total period of incarceration 18 months rather than the 12 months intended by the municipal court judge.
 {¶ 11} Appellate counsel and appellant are correct. Event No. 6 on the municipal court's certified journal entry report in CRB-08-02458-0101 refers to the trial court's judgment of conviction, but states that the six month term of incarceration imposed in that case is to be served consecutive to the six month consecutive sentences imposed in the other two cases. Therefore, if the certified journal report is controlling, appellant would be required to serve 18 months in prison rather than the 12 months imposed by the court at appellant's trial/sentencing hearing and as set forth in the court's judgment entry on sentencing. Accordingly, that portion of appellate counsel's potential assignment of error related to the unjust appropriation of appellant's sentence does not lack merit. It follows that appellant's first argument is not meritless.
 {¶ 12} Appellant's second argument maintains that he was supposed to be released from jail during the pendency of his cases but that he never was released. Although the trial court set bail in all three cases, there is no evidence in the record of any of these cases that the bail was paid. Nor is there any evidence in the record of any of these cases concerning a possible "sheriffs release." Therefore, appellant's second argument is found not well-taken.
 {¶ 13} We are directed by Anders to appoint new counsel to represent a defendant in a criminal appeal if, upon review, we find an error which is not "wholly frivolous." Id., at 744. The error identified herein is not wholly frivolous. Therefore, while *Page 6 
appointed counsel's motion to withdraw is found well-taken, we appoint Douglas Wilkins, 1931 Scottwood Avenue, Suite 700, Toledo, Ohio, 43620, to represent appellant in this appeal. Appointed counsel is, of course, free to raise any other issues that he believes has merit. It is so ordered.
MOTION GRANTED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1