[Cite as *State v. Lincoln*, 2016-Ohio-1274.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1080

      Appellee                              Trial Court No. CR0201402567

v.

Desiree Lincoln                            **DECISION AND JUDGMENT**

      Appellant                             Decided:  March 25, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Jennifer M. Lambdin, Assistant Prosecuting Attorney, for appellee.

Daniel C. Arnold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Desiree Lincoln, appeals the judgment of the Lucas County Court

of Common Pleas sentencing her to a nine-year term of mandatory incarceration and

imposing financial sanctions.  For the reasons that follow, we affirm, in part, and reverse,

in part.

{¶ 2} Appellant asserts two assignments of error:

I. The trial court committed plain error to the prejudice of Appellant at sentencing by imposing financial sanctions without consideration of Appellant's present or future ability to pay.

II. The trial court abused its discretion when it sentenced Appellant to a nine year term of mandatory incarceration.

## I. Background

{¶ 3} On September 30, 2014, appellant was indicted on two counts of rape, in violation of R.C. 2907.02(A)(1)(b) and (B), first degree felonies, with a sanction of life imprisonment. Appellant entered a plea of not guilty by reason of insanity and moved for an evaluation of her competency to stand trial.

{¶ 4} After receiving the Court Diagnostic and Treatment Center ("CDTC") reports, the trial court found appellant competent to stand trial. Appellant changed her plea to not guilty.

{¶ 5} On February 18, 2015, a bill of information was filed charging appellant with an additional count of rape, in violation of R.C. 2907.02(A)(2) and (B), a first degree felony, with a prison sentence of three to eleven years. Appellant withdrew her previous plea of not guilty and tendered a plea of guilty to the information. The trial court accepted appellant's plea and found her guilty. The two counts of the indictment were dismissed. Appellant was referred for a presentence investigation and report ("PSI").

{¶ 6} At appellant's sentencing hearing on March 13, 2015, appellant, her counsel, the prosecutor, and the victim's mother had an opportunity to address the court. The trial court stated it reviewed the letters submitted on appellant's behalf, as well as the letters from the victim's mother, the CDTC reports and "the record, oral statements, victim impact statements and PSI, as well as the overriding principles of sentencing under 2929.11, and the seriousness, recidivism and other factors under 2929.12." The court then sentenced appellant to nine years of mandatory incarceration and five years of mandatory postrelease control and ordered her to register as a Tier III sex offender. In addition, the trial court found appellant had "or reasonably may be expected to have, the means to pay all or part of the applicable costs of supervision, confinement, assigned counsel, and prosecution as authorized by law[,]" and ordered appellant to pay these costs. Appellant timely appealed.

## II. First Assignment of Error

{¶ 7} Appellant contends the trial court committed plain error by imposing financial sanctions without consideration of her present or future ability to pay. Appellant concedes she did not object to the trial court's imposition of costs. In support of her argument, appellant cites to R.C. 2929.18(E), which provides the trial court that "imposes financial sanction upon an offender may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." Appellant acknowledges that a hearing is not required, however, she argues the trial court's record "must [contain] some evidence * * * that the court

3.

considered the offender's present and future ability to pay the sanction imposed." *State v. Holmes*, 6th Dist. Lucas No. L-01-1459, 2002-Ohio-6185, ¶ 20-21.

{¶ 8} Appellee counters the record contains evidence that the trial court examined appellant's present and future ability to pay the costs and fines. The trial court, appellee highlights, found appellant was only 20 years old at the time of sentencing, could read and write the English language, and did not have any physical issues.

{¶ 9} An appellate court need not consider an error which was not called to the trial court's attention when the error could have been avoided or corrected by the trial court. *State v. Carter*, 89 Ohio St.3d 593, 598, 734 N.E.2d 345 (2000). Therefore, the error is waived absent plain error. *Id.* "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wogenstahl*, 75 Ohio St.3d 344, 357, 662 N.E.2d 311 (1996).

{¶ 10} Here, the trial court ordered appellant to pay the costs of prosecution, supervision, confinement and assigned counsel.

### A. Costs of Prosecution and Supervision

{¶ 11} R.C. 2947.23(A)(1) provides "[i]n all criminal cases * * * the judge or magistrate shall include in the sentence the costs of prosecution." Costs of prosecution mean court costs in a criminal case and are "'those [expenses] directly related to the court proceedings * * *.'" *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 36 (6th Dist.), quoting *State v. Christy*, 3d Dist. Wyandot No. 16-04-04, 2004-Ohio-6963, ¶ 22. Imposition of the costs of prosecution is not conditioned on an

4.

offender's ability to pay. *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006, 871 N.E.2d 589, ¶ 3.

{¶ 12} R.C. 2929.18(A)(5)(a)(i) authorizes the trial court to order an offender to reimburse the state for all or part of the costs of supervision. The statute does not require that the trial court determine whether the offender has the ability to pay supervision costs before imposing them. *State v. Baughman*, 6th Dist. Lucas No. L-11-1045, 2012-Ohio-5327, ¶ 42.

{¶ 13} Since there is no requirement for the trial court to consider appellant's ability to pay when imposing the costs of prosecution and supervision, it was not plain error for the trial court to order appellant to pay these costs.

### B. Costs of Confinement and Assigned Counsel

{¶ 14} R.C. 2929.18(A)(5)(a)(ii) permits a trial court to impose all or part of the costs of confinement on an offender, and R.C. 2941.51(D) mandates an offender pay some or all of the costs of assigned counsel. However, before the costs of confinement and court-appointed counsel are imposed on an offender, the trial court must find that the offender has the ability to pay, and that finding must be supported by clear and convincing evidence in the record. *State v. Jobe*, 6th Dist. Lucas No. L-07-1413, 2009-Ohio-4066, ¶ 80; *State v. Knight*, 6th Dist. Sandusky No. S-05-007, 2006-Ohio-4807, ¶ 6-7.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of

5.

such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 15} This court has addressed the issue of a defendant's ability to pay costs in numerous cases in the past.

{¶ 16} In *Jobe*, we found no affirmative evidence of defendant's ability to pay the costs of confinement and court-appointed counsel where the information in the record showed defendant was 15 years old, had an eighth-grade education and no GED, had never held a job and was to be incarcerated for a minimum of 18 years. *Id.* at ¶ 74, 82.

{¶ 17} In *State v. Donaldson*, 6th Dist. Lucas No. L-11-1264, 2012-Ohio-6064, ¶ 4, defendant was convicted of robbery and was sentenced to five years in prison and ordered to pay costs. The record showed defendant, who was 41 years old, had a tenth grade level of education, an employment history and a history of substance abuse. *Id*. at ¶ 31. We found "[w]ith his age and prior work history * * * there is reason to believe Donaldson will be able to pay the costs of confinement and court-appointed attorney fees." *Id.*

{¶ 18} In *State v. Gibson*, 6th Dist. Lucas No. L-14-1162, 2015-Ohio-3613, ¶ 2-3, defendant was convicted of two counts of felonious assault and was sentenced to 17 years in prison, and was ordered to pay costs. Despite the fact that defendant was 42 years old at the time of sentencing, had received his GED while incarcerated and had no health or

6.

medical issues, we determined he did not have the ability to pay the cost of appointed counsel, as the record showed he had a lengthy criminal record, he received social security disability benefits likely due to his mental health diagnoses and he had no work history. *Id.* at ¶ 11-12.

{¶ 19} Here, the trial court concluded appellant has, or may be expected to have, the means to pay all or part of the imposed costs. Before sentencing appellant, the trial court noted it reviewed the PSI and the CDTC reports which contained information regarding appellant's living arrangements, family history, criminal record, education, lack of employment history, and physical and mental health.

{¶ 20} Our review of the record shows appellant was 20 years old at the time of sentencing and had a two-month-old infant. She had attended Life Skills for approximately two years and completed the tenth grade, but did not have a high school diploma or GED. Appellant reported she had been sexually abused as a child, and was diagnosed with depression and attention deficit hyperactivity disorder. Appellant had no physical ailments. Although appellant could read and write English, she was functioning within the range of mild mental retardation to borderline intelligence. Appellant's criminal history included two misdemeanor convictions, one for disorderly conduct, in August 2013, and another for unauthorized use of property, in November 2013. Appellant had no history of drug or alcohol abuse. Regarding employment, appellant volunteered at the Mud Hens through school, but never had a paying job. Prior to her arrest, appellant lived in an apartment paid for by relatives and received food stamps.

7.

**{¶ 21}** Since the only evidence in the record concerning appellant's financial situation was that she never held a job, she lived in an apartment paid for by family and she received food stamps, we conclude the trial court's finding that appellant had or may be expected to have the means to pay the costs of confinement and appointed counsel is not supported by clear and convincing evidence. Therefore, it was plain error for the trial court to order appellant to pay these costs. Accordingly, appellant's first assignment of error is not well-taken with regard to the costs of prosecution and supervision, but is well-taken with regard to the costs of confinement and appointed counsel.

### III. Second Assignment of Error

**{¶ 22}** In the second assignment of error, appellant asserts the trial court abused its discretion when it sentenced her to a nine-year term of mandatory incarceration, as the court did not appropriately weigh the factors in R.C. 2929.12.

**{¶ 23}** The standard of appellate review of felony sentences is set forth in R.C. 2953.08, and this court outlined that standard of review in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425. Our review of a felony sentence is limited to determining whether there is clear and convincing evidence to support the trial court's findings and whether the sentence is contrary to law. *Id.* at ¶ 11.

**{¶ 24}** Here, the record shows the nine-year sentence imposed by the trial court for the first degree felony to which appellant pled was within the statutory range of three to eleven years. R.C. 2929.14(A)(1). All nine years of appellant's sentence are mandatory pursuant to R.C. 2929.13(F)(2). In imposing sentence, the trial court considered the

8.

principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. The court also reviewed and considered the PSI, the CDTC reports, letters submitted on behalf of appellant and the victim impact statement which detailed the relationship between appellant and the victim, the duration of the offenses and the victim's psychological and physical health after the rapes.

{¶ 25} We have examined the evidence in the record and conclude there is clear and convincing evidence to support the trial court's findings. We further find the sentence imposed by the trial court is not contrary to law. Accordingly, appellant's second assignment of error is not well-taken.

{¶ 26} The judgment of the Lucas County Court of Common Pleas is affirmed, in part, and reversed, in part. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.         _____
                                                  JUDGE

Thomas J. Osowik, J.           

                                         _____

James D. Jensen, P.J.                                        JUDGE
CONCUR.

                                         _____
                                                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.