[Cite as *State v. McKeever*, 2019-Ohio-1635.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-022

      Appellee                              Trial Court No. 18CR98

v.

Christopher A. McKeever                  **DECISION AND JUDGMENT**

      Appellant                             Decided:  April 26, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Karin L. Coble, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Christopher McKeever, appeals the May 29, 2018 judgment of the Sandusky County Court of Common Pleas which, following multiple guilty pleas, sentenced appellant to a total of 16 years of imprisonment and classified him as a Tier III sex offender.

{¶ 2} The relevant facts are as follows. On February 16, 2018, appellant was indicted on one count each of rape, aggravated burglary, gross sexual imposition, kidnapping, and burglary. The charges stemmed from an incident on January 18, 2018, in Fremont, Sandusky County, Ohio, where appellant entered the home of a woman, restrained her of her liberty, and forced her to engage in nonconsensual sex acts.

{¶ 3} On May 29, 2018, appellant entered guilty pleas to all the charges in the indictment upon agreement that a single-count indictment in a different case would be dismissed. The counts of rape and kidnapping and aggravated burglary and burglary, merged for purpose of sentencing; and the state elected to proceed on the kidnapping and aggravated burglary counts. Finally, it was agreed that appellant's conviction for gross sexual imposition would run concurrently to the sentences imposed on the other counts.

{¶ 4} Appellant was then sentenced to eight-year prison terms for kidnapping and aggravated burglary, to be served consecutively but concurrent to the 12-month sentence for gross sexual imposition. Appellant was classified as a Tier III sex offender and ordered to pay court costs. This appeal followed with appellant raising four assignments of error for our review:

> Assignment of Error One: Defense counsel rendered ineffective assistance of counsel, depriving appellant of Due Process in violation of the Sixth Amendment to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution, by failing to request a competency evaluation.

2.

Assignment of Error Two: The trial court erred in imposing a consecutive sentence because the required statutory findings are clearly and convincingly not supported by the record.

Assignment of Error Three: The trial court erred in classifying appellant as a Tier III se offender at sentencing when appellant was only convicted for Tier I and Tier II offenses.

Assignment of Error Four: The trial court erred in failing to find appellant had the ability to pay costs and in failing to specify which "costs" would be imposed.

{¶ 5} In his first assignment of error, appellant contends that counsel was ineffective by failing to request a competency evaluation. We note that to prevail on a claim of ineffective assistance of counsel a defendant must prove two elements: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is demonstrated where "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In a plea context, prejudice requires a showing "that there is a reasonable probability that, but for counsel's errors," the defendant would not have pled guilty or no contest. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88

3.

L.Ed.2d 203 (1985) (guilty plea); *State v. Xie*, 62 Ohio St.3d 521, 524, 584 N.E.2d 715 (1992) (guilty plea). A determination of incompetency would have precluded a change of plea to guilty.

{¶ 6} The standard to determine a defendant's competency to stand trial is set forth in the United States Supreme Court's decision in *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). The test is whether the defendant "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him.'" *Berry* at 359, quoting *Dusky* at 402. The same test is applied to determine whether a defendant is competent to enter a plea. *Godinez v. Moran*, 509 U.S. 389, 399, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (guilty plea); *State v. Mink*, 101 Ohio St.3d 350, 2004-Ohio-1580, 805 N.E.2d 1064, ¶ 57 (guilty plea). *See also State v. Bryant*, 6th Dist. Lucas Nos. L-08-1138 and L-08-1139, 2009-Ohio-3917, ¶ 8

{¶ 7} At the May 21, 2018 plea hearing, the court first explained to appellant the Crim.R. 11 rights he was waiving by entering his pleas. The court then explained the nature of each count and the maximum penalties. The court further explained the penalties implicated by the fact that appellant was on postrelease control at the time of the incident and the Tier III sex offender registration requirements.

{¶ 8} Appellant was then questioned about his decision to enter a guilty plea to all the charges on the morning of trial. The following exchange then took place:

4.

THE COURT: Are you sure this is the decision that you want to make today?

THE DEFENDANT: It's the only decision I have.

THE COURT: Would you like to explain that to me?

THE DEFENDANT: I've already lost my family, (crying), and everybody else, and, now, I'm dying.

THE COURT: Do you believe you're guilty of these offenses?

THE DEFENDANT: No, I don't—

THE COURT: No.

THE DEFENDANT: -- but I'm going to plead guilty to it, 'cause it's the easiest route for everybody. I have no chance, Your Honor. I have no chance of standing and fighting anymore. I have no energy to fight anymore. I will be dead in the next five years.

THE COURT: Is it your desire to enter a plea of guilty to these five counts?

THE DEFENDANT: Yes, Your Honor. I have no more strength. I have no more mental, physical or emotional power to withstand anything else. (Crying).

THE COURT: Yet, you deny what you're doing? You deny what you did?

You understand that you can't have it both ways; you understand that?

THE DEFENDANT: I understand that. * * *.

**{¶ 9}** The state then proffered a statement of the factual basis forming the charges. Counsel recessed to the court's chambers. Thereafter, appellant was asked whether he agreed with the state's recitation of the facts; he answered affirmatively. The court proceeded to question him specifically about each count and whether he committed the crimes charged. Appellant again stated that he was guilty.

**{¶ 10}** During the proceedings it was apparent that appellant was distraught and crying. Appellant also indicated that he was drug dependent; he was high on cocaine on the date of the incident. Appellant stated that he was currently taking a mild prescription pain medication and Prozac.

**{¶ 11}** Finally, the court asked:

THE COURT: How do you—how do you consider your mental ability is today? Are you thinking clearly and rationally?

THE DEFENDANT: I never think clearly or rationally –

* * *

THE COURT: Do you understand what you're doing today?

THE DEFENDANT: Yes, Your Honor.

**{¶ 12}** Carefully reviewing the transcript of the plea proceedings, we must conclude that appellant demonstrated an understanding of the various rights he was waving by entering the pleas, he understood the potential penalties, including the sex offender registration requirements, and the nature of the offenses upon which he was entering the pleas. Thus, because appellant demonstrated his competence at the plea

6.

hearing, appellant's counsel was not ineffective by failing to raise the issue. Appellant's first assignment of error is not well-taken.

{¶ 13} In his second assignment of error, appellant contends that the trial court's imposition of consecutive sentences was not supported by the record. Appellant argues that the court failed to weigh the proportionality of the consecutive sentence to appellant's conduct and failed to state why the harm caused was so "great" or "unusual."

{¶ 14} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. "Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Id.* "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* at ¶ 29.

{¶ 15} At the May 25, 2018 sentencing hearing, when imposing consecutive sentences on the eight-year prison terms for aggravated burglary and kidnapping, the court found:

> [C]onsecutive sentences are necessary to adequately punish the
> Defendant and to protect the public from future crimes, and I find that at
> least two of the offenses were committed as part of one or more courses of

7.

conduct, that the harm caused by two or more of the offenses committed was so great that no single prison term for any of the offenses committed adequately reflects the seriousness of the Defendant's conduct and the sentence imposed; therefore, the sentence imposed for Count 1 and 5 of the indictment shall be con—served consecutive to one another for an aggregate term of 16 years. I considered this. I've considered the principles and purposes of sentencing. I considered your prior record. I considered what I've heard in this courtroom, and I do not believe that the sentence is disproportionate to the seriousness of your conduct and the danger you pose to the public.

{¶ 16} The above findings were mirrored in the court's May 29, 2018 sentencing judgment entry.

{¶ 17} Upon review, we find that the trial court complied with the statutory mandates prior to imposing a consecutive sentence. Appellant's second assignment of error is not well-taken.

{¶ 18} Appellant's third assignment of error challenges his Tier III sex offender classification. Specifically, appellant argues that although he entered a guilty plea to rape, a Tier III offense, the parties agreed that the rape and kidnapping counts merged and the state decided to proceed only on the kidnapping charge at sentencing. Thus, appellant should have been classified as a Tier II sex offender.

8.

**{¶ 19}** Conversely, the state argues that the relevant statute supports a sexual offender classification where a defendant pleads guilty to the offense, it does not require that he be sentenced on the offense. R.C. 2950.01(G)(1) provides:

(G) "Tier III sex offender/child-victim offender" means any of the following:

(1) A sex offender who is convicted of, *pleads guilty to*, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

(a) A violation of section 2907.02 or 2907.03 of the Revised Code;

* * *. (Emphasis added.)

**{¶ 20}** Reviewing the above section, it appears that a defendant need only enter a plea to a Tier III offense to receive the classification. However, further review of R.C. 2950.01(G)(1) provides specific guidance under the facts of this case. Subsection (j) states that an individual will be classified as a Tier III sex offender where:

Any sexually oriented offense that is committed after the sex offender previously has been convicted of, pleaded guilty to, or been adjudicated a delinquent child for committing any sexually oriented offense or child-victim oriented offense for which the offender was classified a tier II sex offender/child-victim offender or a tier III sex offender/child-victim offender.

It is undisputed that appellant had been previously convicted of a sexual offense for which he was classified as a Tier II sex offender; thus, any additional convictions would

9.

result in a Tier III sex offender classification. *See State v. Schlemmer*, 2d Dist. Champaign No. 2016-CA-39, 2017-Ohio-2784, ¶ 6, fn. 1. Accordingly, there was no error in the court's classification of appellant as a Tier III sex offender. Appellant's third assignment of error is not well-taken.

{¶ 21} Finally, appellant's fourth assignment of error disputes the portion of the trial court's judgment entry which assessed court costs. The state concedes error. Upon review, we agree that the trial court imposed "court costs" without either first notifying him of which costs (i.e. confinement, appointed counsel, prosecution, supervision) were being imposed during sentencing or making any findings relative to his ability to pay. Specifically, prior to the imposition of the costs of confinement and appointed counsel, "the trial court must find that the offender has the ability to pay, and that finding must be supported by clear and convincing evidence in the record." *State v. Lincoln*, 6th Dist. Lucas No. L-15-1080, 2016-Ohio-1274, ¶ 14.

{¶ 22} In the present case, at sentencing the court simply stated: "I am going to assess court costs. Judgment is awarded for cost, and execution shall issue thereon." A near-identical award was made in the judgment entry. Upon review, we note that because we cannot discern what costs were awarded and that the imposition of the costs of confinement and appointed counsel were not supported by the record, we find error. Appellant's fourth assignment of error is well-taken.

{¶ 23} On consideration whereof, we find that substantial justice was not done the party complaining and the judgment of the Sandusky County Court of Common Pleas is

10.

affirmed, in part, and reversed, in part.  The matter is reversed and the judgment vacated as to the court's imposition of court costs.  Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment affirmed, in part, and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.