**[Cite as *State v. Johnson*, 2021-Ohio-1614.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo

Appellee

v.

Jamar J. Johnson

Appellant

Court of Appeals Nos. L-20-1164
L-20-1165

Trial Court Nos. CRB-17-08262
CRB 17-11859

**DECISION AND JUDGMENT**

Decided: May 7, 2021

* * * * *

Autumn D. Adams, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} This consolidated matter is before the court on appeal of the judgment of the Toledo Municipal Court, finding probation violations and ordering sentence enforced, with credit for time already served.  For the reasons that follow, we affirm.

## II. Background and Procedural History

{¶ 2} Appellant, Jamar Johnson, appeals his sentence in two cases, Toledo Municipal Court case Nos. CRB-17-08262 and CRB-17-11859. On September 12, 2018, in case No. CRB-17-08262, the trial court found appellant guilty of menacing in violation of R.C. 2903.22(A), and sentenced appellant to 30 days in the Corrections Center of Northwest Ohio (CCNO), with 30 days suspended, and placed appellant on active probation for 18 months. Also on September 12, 2018, in case No. CRB-17-11859, the trial court found appellant guilty of domestic violence in violation of R.C. 2919.25(C), and sentenced appellant to 30 days in CCNO, with 30 days suspended, and placed appellant on active probation for 18 months.

{¶ 3} As part of the terms of appellant's probation for each case, the trial court ordered him to complete an alcohol/drug assessment and follow through with any treatment recommendations. Additionally, in case No. CRB-17-11859, the trial court ordered appellant to complete a batterer's intervention program. Appellant filed a timely appeal of the judgment.

{¶ 4} In October 2018, while appellant was serving a sentence in CCNO on another case, he was granted an emergency furlough as a result of admission to the hospital and ordered to report back to the court and/or his probation officer after his release.[1] Appellant left the hospital and failed to check in with the court or report to his

---

[1] Appellant was serving sentences in case Nos. TRD-17-03192 and TRD-17-18511.

2.

probation officer at any time in the next six months. Appellant, furthermore, did not complete a batterer's intervention program and did not complete a drug/alcohol assessment and any recommended treatment.

{¶ 5} On February 13, 2019, summons issued in each case, advising appellant the matters were scheduled for a probation violation hearing, requiring appellant to appear on March 13, 2019. Appellant did not appear for hearing. On April 14, 2019, the court's warrant enforcement unit took appellant into custody, and appellant appeared before the trial court the next day. The trial court continued the hearing on the probation violation, pending resolution of his appeal of the underlying convictions.

{¶ 6} On November 8, 2019, we affirmed the underlying convictions in *State v. Johnson*, 6th Dist. Lucas No. L-18-1214, 2019-Ohio-4613.[2] The trial court rescheduled the matter for a hearing on the probation violations on November 26, 2019, with that hearing again continued and delayed after appellant was arrested and taken into custody for new charges.

{¶ 7} On June 19, 2020, hearing was held via video from CCNO and appellant was found to be in violation of the terms of his probation. Because appellant proceeded

---

[2] Appellant's plea agreement also encompassed case No. TRD-17-18511, and the trial court imposed a jail term of 180 days for appellant's conviction for operating a motor vehicle without a valid license in violation of R.C. 4510.12, and ordered the time to run consecutively.

3.

without counsel, the trial court vacated its judgment and reset the matter for a new, in-person hearing with counsel.

{¶ 8} On July 16, 2020, appellant appeared for hearing with the public defender as his appointed counsel. Appellant asked for another continuance, which the trial court granted, rescheduling hearing for August 6, 2020. The trial court granted the public defender's motion to withdraw as counsel in the case, and appointed a new attorney to represent appellant. Appellant then filed a pro se motion seeking recusal of the trial court "pursuant to 28uscs445(a)," alleging bias, which the trial court denied.[3]

{¶ 9} On August 6, 2020, no hearing was held, apparently based on the trial court's failure to connect via video while appellant was in custody at CCNO. The trial court rescheduled the hearing for September 23, 2020, and entered an order to transport appellant so that he could appear in-person.

{¶ 10} On August 18, 2020, appellant filed "judicial notice," indicating he would call CCNO staff as witnesses for the probation violation hearing, and followed up with subpoenas requiring testimony or documents of CCNO employees Dennis Sullivan, Beth Miller, John Zimman, and Chris Kuckuck. The CCNO employees filed a motion to quash or modify the subpoena, arguing in-person testimony would be duplicative, considering the requested documentation of the medical furlough provided all

---

[3] Appellant followed up with a request for findings of fact and conclusions of law, which the trial court also denied, noting a lack of any evidence, demonstrating bias.

4.

information sought to be adduced by appellant. The trial court denied the motion to quash, but permitted the CCNO employees to appear at the hearing by video.

{¶ 11} The trial court proceeded with the hearing on September 23, 2020. Appellant appeared with his appointed counsel, but after learning his counsel had an acquaintance with the trial court, he opted to represent himself.[4] The trial court required counsel to remain to answer any legal questions appellant might have.

{¶ 12} At hearing, the trial court summarized the probation violation allegations as (1) failure to pay restitution, (2) failure to complete the batterer's intervention program, (3) failure to complete an assessment, and (4) failure to report on time to the probation officer. In spite of this information providing the pertinent issues for the hearing, appellant questioned his CCNO witnesses regarding whether he "escaped" from the jail while he was out on a medical furlough. Specifically, he asked the witnesses if he had been instructed to report back to CCNO after his medical issues were resolved, and the witnesses referred to the document—placed in the record—in which appellant acknowledged he "must contact attorney and report to supervising probation officer or the court upon release from Bryan Hospital per Lucas County Common Pleas."

---

[4] Appellant argued at length with the trial court regarding a further continuance of hearing, with the hope he could hire counsel. Appellant could provide no definitive answer regarding how much time he needed, and after noting the numerous, prior continuances and the length of time appellant sought to delay, the trial court denied the continuance request. The trial court further noted that appointed counsel, who had worked at the court years before, had no conflict that prevented him from representing appellant.

5.

**{¶ 13}** The trial court noted this failure to report after release from the hospital, stating:

On October 10th of 2018, there was an entry, not in either one of these cases. But an entry on another case TRD-17-18511, which is a case you're serving time on. That said that you failed to report back after your medical furlough and a bench warrant was issued for your arrest. We sent the Warrant Enforcement Unit out to try to find you, at that time, and that –

* * *

And that warrant was not executed until April 14, 2019. So I am going to make a finding that you did not report back, to the Court, from October 10, 2018, until October 14, 2019 [sic.] So there was a total of six-month time period where you did not report back, to the Court, as instructed by that emergency medical furlough paperwork.

* * *

I have made the finding that you did not report back to the Court, in person, like you were supposed to, from October of 2018, when you were released on medical furlough, until our deputies brought you in to court, in custody, on April 14, 2019. I do know that you contacted the Court many, many, many, times during that time period. But you did not report back to the Court. You were not here. That is not relevant to the two probation violations that we're here for today.

{¶ 14} The trial court proceeded as to allegations that appellant violated his probation by failing to complete a batterer's intervention program and by failing to complete his assessment/treatment. While making a clear record that he left CCNO in October for medical treatment and did not return to CCNO, appellant argued that he was unable to complete the program or an assessment due to his incarceration in CCNO, which did not offer a batterer's intervention program and could not fully facilitate his assessment and treatment. At the hearing, appellant confirmed he failed to complete either condition of his probation, and the trial court entered its finding of a violation as to each condition, as follows:

> The Court: Have you completed the Batterer's Intervention Program, and have you completed an assessment and followed through on any treatment?

> Appellant: I have had an assessment here at CCNO. They don't offer, due to the COVID or – I'm not sure of their programming. They don't offer Batterer's Intervention or anything. I've been incarcerated, and if not incarcerated, in the hospital to where it's been almost impossible for me to – like I said, the lady said that she sent you the – she faxed you or your clerk the assessment paperwork that she done on me. So I've had the assessment done, but they don't offer those classes. I took the only thing that they basically offer based on my assessment. They don't offer that at CCNO.

7.

The Court: Okay. That assessment was ordered on September 12th of 2018. It has not been completed yet. Have you done any Batterer's – have you completed the Batterer's Intervention Program?

Appellant: I haven't been – there is – there's none been available, sir. There's none at CCNO. How can I complete it?

The Court: Okay. Again, that was ordered on September 12th of 2018. You did not complete that.

* * * Okay. The Probation Violation is found.

The trial court also ordered the sentences to be served consecutively, noting appellant's failure to report to his probation officer in the present cases, and his history of failing to appear for court dates. Appellant was given credit for time served, in each case, of 20 days.

{¶ 15} The trial court placed its finding in a judgment entry, as follows:

For CRB-17-08262 * * * [o]n September 23, 2020, this court found a probation violation for failure to complete an assessment and treatment and the defendant's sentence was ordered enforced as to the days. The defendant was sentenced to 30 days in [CCNO] and was given 20 days credit. The ten days are to be served consecutive to CRB-17-11859 and all other cases because defendant has a 16 page Toledo Municipal Court record, over $9000 in outstanding fines and costs, 227 lifetime failures to

8.

appear in Toledo Municipal Court, failed to appear on this case 4 times and has made no effort to cooperate with the Court or probation.

* * *

For CRB-17-11859 * * * [o]n September 23, 2020, this court found a probation violation for failure to engage in and complete an assessment and treatment, batterer's intervention program and restitution and the defendant's sentence was ordered enforced as to days. The defendant was sentenced to 30 days in [CCNO] and was given 20 days credit. The ten days are to be served consecutive to CRB-17-08262 and all other cases because defendant has a 16 page Toledo Municipal Court record, over $9000 in outstanding fines and costs, 227 lifetime failures to appear in Toledo Municipal Court, failed to appear on this case 4 times and has made no effort to cooperate with the Court or probation.

{¶ 16} The trial court journalized its judgment entry on September 29, 2020. Appellant filed a timely appeal of this judgment.

### III. Assignments of Error

{¶ 17} In challenging the trial court's judgment, appellant raises the following as error on appeal:

I. The Trial Court abused its discretion in sentencing Appellant to consecutive sentences after only finding a sole violation of his probation.

II. The Trial Court's sentence of incarceration for Appellant failing to complete his batterer's intervention classes was an abuse of discretion because the Trial Court failed to take into consideration Appellant's, through no fault of his own, inability to complete the classes.

## IV. Analysis

{¶ 18} Appellant's first assignment of error is based on the faulty premise that the trial court found only a single violation, and therefore could not sentence appellant to two, consecutive sentences in each of his cases. As evident in the record, the trial court found that appellant failed to complete his assessment and treatment, a condition of probation in case No. CRB-17-08262 and case No. CRB-17-11859, and the trial court found that appellant failed to complete the batterer's intervention program, a condition of probation in case No. CRB-17-11859.

{¶ 19} We review a trial court's finding of a probation/community control violation for an abuse of discretion. (Citation omitted.) *State v. Pavlich*, 6th Dist. Erie No. E-10-011, 2011-Ohio-802, ¶ 24. Appellant's challenge, however, misstates the finding. His claim of a single violation is directly contradicted by the record. Furthermore, appellant's claim of hardship in completing his assessment, treatment, and batterer's intervention program was addressed by the trial court, and found to be unpersuasive. Appellant failed to check in with his probation officer for six months, and he only returned to court because the warrant enforcement officers took him into custody.

10.

{¶ 20} Upon review of the record, which included appellant's admission of the facts supporting each violation, we find appellant's first assignment of error not well-taken.

{¶ 21} In his second assignment of error, appellant argues that imposing the jail terms, rather than a reserved jail sentence and community control, was contrary to the purposes of misdemeanor sentencing and therefore an abuse of discretion. In support, appellant reiterates argument regarding the difficulties in completing his batterer's intervention program due to his continuous incarceration and hospitalization.

{¶ 22} We review a misdemeanor sentence for an abuse of discretion. (Citations omitted.) *State v. Perz*, 173 Ohio App.3d 99, 2007-Ohio-3962, 877 N.E.2d 702, ¶ 26 (6th Dist.). "A finding of abuse of discretion implies that the trial court's conduct was unreasonable, arbitrary, or unconscionable." *Perz* at ¶ 26, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} Here, again, the record contradicts appellant's argument. Appellant was neither incarcerated nor in the hospital for the six-month period after he left the hospital while on a medical furlough. The principles of misdemeanor sentencing, moreover, are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.21(A). In imposing sentence, the court must consider factors that include "the need for changing the offender's behavior" and "rehabilitating the offender." *Id.*

{¶ 24} In revoking probation, the trial court noted—among other behaviors—appellant's failure to check in with the court or his probation officer for six months, his new offenses, and his habitual failure to appear for court dates.  Appellant does not address these behaviors in arguing a jail sentence was improper, arguing—instead—the impact of the COVID-19 restrictions, generally.

{¶ 25} Upon consideration of the record, we find no abuse of discretion in imposing a jail sentence in each case.  Appellant's second assignment of error, accordingly, is not well-taken.

## {¶ 26} Conclusion

{¶ 27} For the forgoing reasons, we affirm the judgment of the Toledo Municipal Court.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.